In the Matter of the Transfer Tax upon the Estate of FREDERICK COOK, Deceased.

FREDERICK C. MACDONELL, Appellant; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

### Appeal, from order fixing transfer tax.

An order fixing the transfer tax upon an estate is an entirety and a party claiming to be aggrieved thereby and taking an appeal therefrom should present upon that appeal every objection which he has to the order.

*Matter of Cook*, 125 App. Div. 114, affirmed.

(Argued February 10, 1909; decided March 2, 1909.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 11, 1908, which reversed a decree of the Monroe County Surrogate's Court reducing the transfer tax upon a part of the estate of Frederick Cook, deceased, and granted a motion to dismiss the appeal from the original order fixing the tax.

The facts, so far as material, and the questions certified are stated in the opinion.

*Charles Van Voorhis* for appellant.   The appeal to the surrogate by Frederick MacDonell, raising the question now before the court, was regular and proper   (*Matter of Westurn,* 152 N. Y. 93; *Matter of Thompson,* 57 App. Div. 319; *Matter of Manning,* 169 N. Y. 449; *Matter of Bogart,* 25 Misc. Rep. 466.)

*William T. Plumb* for respondent.   The decision of the Court of Appeals on the former appeal finally determined all of the rights of Frederick Cook MacDonell.   (*Abbey* v. *Wheeler,* 170 N. Y. 122; *Thompson* v. *Taylor,* 13 Hun, 201; Elliott's App. Pro. §§ 18, 541; *Meldon* v. *Devlin,* 39 App. Div. 581; *Matter of McEchron,* 55 App. Div. 147; *Matter of Westerfield,* 61 App. Div. 413.)

WILLARD BARTLETT, J.   This is an appeal which seeks to review an order of the surrogate of Monroe county fixing the transfer tax upon the estate of Frederick Cook, deceased, which order has already once been reviewed by the Appellate Division and the Court of Appeals at the instance of the same appellant. (*Matter of Cook,* 187 N. Y. 253.)   The original order assessed and taxed the five separate legacies or interests involved.   The first notice of appeal specified as grounds for the appeal (1) that the bequest to Frederick Cook MacDonell should have been taxed at 1% instead of 5%; (2) that the residuary estate, with a specified exception, should have been taxed at 1% instead of 5%; and (3) that certain stocks were appraised beyond their fair market value.   The Appellate Division affirmed the order of the Surrogate's Court except so far as it related to the residuary estate, holding that the residuary estate should be taxed at 1% instead of 5%.   The Court of Appeals reversed the determination of the Appellate Division, and held that the residuary estate should be taxed at 5% and that the legacy to Frederick Cook MacDonell should be taxed at only 1%, and modified the order of the Surrogate's Court accordingly.

The notice of the present appeal from the order of the Surrogate's Court specifies a new ground of appeal, namely, that

the remainder interest in a trust of $200,000 created for the benefit of Fredericka Louise MacDonell should have been taxed at 1% instead of 5%. The surrogate refused to dismiss this second appeal. He conceded the general rule to be that a person appealing from a judgment or order should include all his objections thereto in one appeal, but held that a surrogate's order fixing a transfer tax is a several judgment as to each interest taxed, and that a person aggrieved has the right to appeal separately from each adjudication therein contained. The surrogate then proceeded to hear the appeal upon the merits and reduced the tax on the remainder interest in the $200,000 trust from 5% to 1%. The Appellate Division disagreed with the surrogate as to the motion to dismiss the appeal and reversed his order and granted the motion to dismiss. It allowed an appeal to this court, however, certifying four questions for our determination, as follows:

" 1. Was the tax upon the transfer of the remainder interest in this trust fund properly imposed at the highest rate which will be possible on the happening of any contingency or condition?

" 2. Did the decision of the Court of Appeals herein finally determine all of the rights of Frederick Cook MacDonell in this proceeding?

" 3. Had the appellant, Frederick Cook MacDonell, the right to take and prosecute the second appeal herein?

"4. If the second appeal was irregular, was the irregularity waived by the failure of the Comptroller to move promptly to dismiss this appeal?"

It is necessary to answer only the second question, "Did the decision of the Court of Appeals herein finally determine all the rights of Frederick Cook MacDonell in this proceeding?"

This court upon the first review of the decree fixing the transfer tax expressly affirmed the decree as modified. This appears from the remittitur upon that decision. Upon that appeal the appellant could have raised the question which he now seeks to have decided. He failed to do so. If the

omission was excusable he should have applied to the surrogate, upon affidavits excusing the omission, to modify his original order by taxing the remainder interest in the $200,000 trust fund at what he conceived to be the proper rate. The order fixing the transfer tax upon an estate is an entirety and a party claiming to be aggrieved thereby and taking an appeal should present upon that appeal every objection which he has to the order. It would lead to endless delay and confusion if he was permitted to take a separate appeal for each objection he had to the order of the surrogate. The practice in this class of cases has always been to consider only such objections as the appellant specifies and to affirm the order as a matter of course in all other respects. The specification of one or more objections is deemed equivalent to a concession that the appellant regards the decree in all other respects correct. It is in substance an appeal only from those parts to which objection is made, and after an appeal from one part of a decree a defeated appellant has never been permitted to appeal from other parts and so on piecemeal until he has obtained a review of the whole by successive appeals.

I think that this order should be affirmed, with costs ; the second question certified answered in the affirmative, and the other questions not answered.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, HISCOCK and CHASE, JJ., concur.

Order affirmed. ──────────