In the Matter of the Transfer Tax upon the Estate of MARGARET L. ZBOROWSKI, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; HENRY L. MORRIS et al., as Executors, Respondents.

Tax — transfer tax upon contingent estates in remainder — when payable upon death of transferror — rule for valuation of future estates.

1. By the statute relating to and regulating transfer taxes upon the estates of decedents (Cons. Laws, ch. 60, § 230) a tax is imposed on all transfers immediately upon the death of the transferror regardless of the fact that particular transfers may be of contingent estates in remainder, which may not ultimately be taxed at all. This provision is not affected by the change in the definition of the words " estate " and " property," made by section 4 of chapter 706 of the Laws of 1910. The statute is not open to objection on constitutional grounds.

2. Future estates are to be valued by deducting the value of the precedent estate, determined by the method and standard of mortality and value employed by the superintendent of insurance, from the value of the property transferred at the time of the death of the transferror; and where the fair market value, at the date of the transferror's death, of the property which will ultimately go to the remainderman can be ascertained, the provisions of section 222 of the statute (Tax Law, Cons. Laws, ch. 60), postponing the payment of the tax until the person or corporations beneficially entitled to the property shall come into actual possession thereof, do not apply.

*Matter of Zborowski*, 163 App. Div. 947, reversed.

(Argued September 30, 1914; decided November 10, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 19, 1914, which affirmed an order of the New York County Surrogate's Court modifying a prior order assessing a transfer tax upon the estate of Margaret L. Zborowski, deceased.

The facts, so far as material, are stated in the opinion.

*William Law Stout* for appellant. Section 230 is still operative and an ingredient part of the Transfer Tax Law. The legislature did not intend that the provisions providing for collection of a tax at the highest graded rate should be repealed or rendered inoperative by the amendment of 1910. (*Matter of Costello,* 189 N. Y. 292; *Matter of Stewart,* 131 N. Y. 274; *Matter of Hoffman,* 143 N. Y. 327; *Matter of Roosevelt,* 143 N. Y. 120; *Matter of Vanderbilt,* 172 N. Y. 69; *Matter of Brez,* 172 N. Y. 609; *Knowlton* v. *Moore,* 178 U. S. 76; *Matter of Tiffany,* 202 N. Y. 550.) *Matter of Vanderbilt* is still controlling as determining the constitutionality of this provision in section 230 and the right of the state to collect a temporary tax in the manner prescribed. (*Matter of Vanderbilt,* 172 N. Y. 69; *Matter of Brez,* 172 N. Y. 609; *Matter of Kennedy,* 179 N. Y. 501; *Matter of Seaman,* 147 N. Y. 69; *Matter of Smith,* 150 App. Div. 805; *Matter of Haight,* 152 App. Div. 228; *Matter of Abraham,* 151 App. Div. 441; *Matter of Lansing,* 182 N. Y. 238; *Shindler* v. *Robinson,* 150 App. Div. 875; *Matter of Gihon,* 169 N. Y. 443.)

*Egerton L. Winthrop, Jr.,* and *Francis L. Robbins, Jr.,* for respondents. The transfer of remainder interests in this estate is not presently taxable under the law in force at date of decedent's death. (*Matter of Cager,* 111 N. Y. 343; *Matter of Howe,* 112 N. Y. 100; *Matter of Davis,* 149 N. Y. 539; *Matter of Roosevelt,* 143 N. Y. 120; *Matter of Curtis,* 142 N. Y. 219; *Matter of*

*Hoffman*, 143 N. Y. 327.) If it be determined that the value of the vested remainder transferred to decedent's son, Louis Zborowski, is now ascertainable, the same should be taxed presently as a transfer to him at the lowest graded rate. (*Matter of Vanderbilt*, 172 N. Y. 69; *Matter of Wolffe*, 89 App. Div. 349; 179 N. Y. 599.)

MILLER, J. The decedent died a resident of New York on the 9th of July, 1911. She gave her residuary estate in trust to pay the income to her son, Louis Zborowski, until he attained the age of twenty-one years, when he was to receive the principal, but if he died before attaining that age the principal was to go to his issue, if any, and in default of issue to persons in the class taxable at the five per cent primary rate. The original order of the surrogate confirming the report of the appraiser assessed a tax on the remainder limited on the life estate of Louis Zborowski at the primary rate of one per cent. ·On the appeal by the state comptroller from that order the surrogate not only denied the appeal but modified the order so as to suspend the taxation of the transfer of said remainder until the vesting thereof.

This case is governed by chapter 62 of the Laws of 1909, constituting chapter 60 of the Consolidated Laws, as amended by chapter 706 of the Laws of 1910. Section 230 thereof contains the following provision: "When property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred." That provision was first incorporated into the Transfer Tax Law by chapter 76 of the Laws

of 1899 and was held by this court to be constitutionally valid. (*Matter of Vanderbilt*, 172 N. Y. 69; *Matter of Brez*, Id. 609.) The legislature could not have used plainer language to express a purpose to impose a tax on all transfers immediately upon the death of the transferror regardless of the fact that particular transfers may be of contingent estates in remainder which may not ultimately be taxable at all. However, it has been decided that the said provision was rendered inoperative by the change in the definition of the words " estate " and " property " made by said chapter 706 of the Laws of 1910. That conclusion was supported by the language of section 222 of the Tax Law, within which, it was thought below, this case fell.

Said section 222 provides in part: "All taxes imposed by this article shall be due and payable at the time of the transfer, except as herein otherwise provided. Taxes upon the transfer of any estate, property or interest therein limited, conditioned, dependent or determinable upon the happening of any contingency or future event by reason of which the fair market value thereof cannot be ascertained at the time of the transfer as herein provided, shall accrue and become due and payable when the persons or corporations beneficially entitled thereto shall come into actual possession or enjoyment thereof." That and the provision of section 230 before quoted are reconcilable, but, if they were not, the latter is the later statute and would have the effect of repealing the former, which was a part of section 3 of chapter 399 of the Laws of 1892, while the latter was first enacted by chapter 76 of the Laws of 1899. Each has been continued in every revision since its enactment.

The legislature has unmistakably expressed the intention that all transfers shall be assessed for the purpose of taxation as of the date of the transfer, and however unjust that may be thought to be, it is not open to objection on constitutional grounds. (*Matter of Vander-*

*bilt ; Matter of Brez, supra.*) Future interests are to be valued by deducting the value of the precedent estate determined by the method and standard of mortality and value employed by the superintendent of insurance from the value of the property transferred at the time of the death of the transferror. That method of valuation has been indicated by every act on the subject. (See section 2, chapter 483 of the Laws of 1885; sections 2 and 13 of chapter 713 of the Laws of 1887; sections 3 and 13 of chapter 399 of the Laws of 1892; section 230 of chapter 26 of the Laws of 1899, and said section 230 of the present Tax Law.) In this case there is no difficulty in determining the fair market value at the date of the transferror's death of the property which will ultimately go to the remaindermen. The amount has been determined and is stated in the order. Likewise, there is no difficulty in determining according to the rule prescribed by the statute the value of the precedent estate of Louis Zborowski. The case is, therefore, not one in which the fair market value of the transfer at the time thereof cannot be ascertained and does not fall within section 222. The uncertainty is of the transferees, not of the amount transferred. I shall not attempt to enumerate the cases governed by section 222. Some will occur to the mind on a moment's reflection. It is enough for us at this point to know that both section 222 and section 230 may be given effect and that the present case falls within section 230.

It remains to consider whether the provision of section 230 now in question was rendered inoperative by the change in the definition of the words "estate" and "property" made by chapter 706 of the Laws of 1910.

Those words were theretofore defined to be "The property or interest therein of the testator, intestate, grantor, bargainor or vendor, passing or transferred to those not herein specifically exempted from the provisions of this article, and not as the property or interest therein passing or transferred to individual legatees, devisees, heirs, next

8

of kin, grantees, donees or vendees * * * ” (See section 243, chapter 62 of the Laws of 1909; section 242, chapter 908 of the Laws of 1896, and section 22, chapter 399 of the Laws of 1892), whereas by the amendment of 1910 it was provided that those words should be taken “ To mean the property or interest therein passing or transferred to individual or corporate legatees, devisees, heirs, next of kin, grantees, donees or vendees, and not the property or interest therein of the decedent, grantor, donor or vendor passing or transferred, * * *.” The purpose of the change in definition is made manifest by the history of the passage of the act of 1910 which occurred at an extraordinary session of the legislature convened by Governor Hughes who had vetoed a bill providing for a graded tax passed at the preceding regular session. In his message to the extraordinary session he called attention to the injustice which would result under a scheme of graded taxation if the definition of the words “ estate ” and “ property ” as theretofore construed by the courts remained the same, because of the fact that the rate of tax would then be dependent upon the amount of the total estate of the transferror, not upon the amount passing to particular transferees. Chapter 706 of the Laws of 1910 did provide for a graded tax, and it is obvious that the definition of the words “ estate ” and “ property ” was changed in compliance with the suggestion of Governor Hughes, and that it was not intended thereby to repeal by implication said section 230 which was retained in the act without change. If there can otherwise be any doubt about the matter, that doubt will be removed by a study of the development of the Transfer Tax Law in connection with the decisions of the courts applicable thereto.

The statute contained no definition of the words “ estate ” and “ property ” prior to 1892. There were provisions, however, at least suggestive, if not plainly expressive, of an intention, whenever possible, to make

all transfers immediately taxable as of the death of the transferror. (See chapter 483 of the Laws of 1885, as amended by chapter 713 of the Laws of 1887.) It was decided under those statutes that the taxability of a transfer depended upon the amount passing to the particular transferee and not upon the total amount of the estate left by the transferror. (*Matter of Cager*, 111 N. Y. 343; *Matter of Howe*, 112 N. Y. 100.) It was also decided that future contingent interests were not taxable until the vesting thereof. (*Matter of Curtis*, 142 N. Y. 219; *Matter of Roosevelt*, 143 N. Y. 120.) By chapter 399 of the Laws of 1892 the words "estate" and "property" were defined as hereinbefore stated. That change was held to have effected a change in the rule theretofore applied by the courts in determining the taxability of a transfer. (*Matter of Hoffman*, 143 N. Y. 327; *Matter of Corbett*, 171 N. Y. 516; *Matter of Costello*, 189 N. Y. 288.) But it was also held that the definition of the word "property" as adopted in 1892 had effected no change in the statute with respect to the immediate taxation of future interests. (*Matter of Hoffman, supra.*) In that state of the law the provision now in question was incorporated in section 230 by the act of 1899. Obviously, therefore, the operation and effect of that provision was not thought to be dependent upon the definition of the word "property," the adoption of which in 1892 had not been considered sufficient by the courts to change the rule that transfers of future contingent estates could only be taxed upon the vesting thereof. *A fortiori* the change of definition adopted in 1910 for a specific purpose, was not intended by implication to repeal the provision in force since 1899 for the immediate taxation of all transfers of future interests whether vested or contingent. It is plain that the legislature in 1911 did not suppose that the provision had been repealed, because by chapter 800 of the Laws of that year said section 230 was further amended and section 241 was amended so as to provide for a more

just method of insuring payment to the state of the tax on transfers of contingent interests.

The different statutes hereinbefore referred to contain evidence of a constant effort of the legislature to enlarge the class of transfers immediately taxable upon the death of the transferror. The question of the legislature's power in that regard was set at rest by the decision of this court in *Matter of Vanderbilt* (*supra*). In one aspect it may be unjust to the life tenant to tax at once the transfer, both of the life estate and of the remainder though contingent, and it may seem unwise for the state to collect taxes which it may have to refund with interest, but those considerations are solely for the legislature, who are to judge whether they are more than offset by the greater certainty which the state thus has of receiving the tax ultimately its due under the statute. However unwise or unjust it may seem in a particular case like this for the state to collect the tax at the highest rate when in all probability the remainder will vest in a class taxable at the lowest rate, it is the duty of this court to give effect to the statute as it is written.

The orders of the Appellate Division and of the surrogate should, therefore, be reversed, and the order assessing the tax should be modified so as to provide for the immediate taxation of the transfers under the will of the decedent at the highest rate which, on the happening of any of the contingencies or conditions therein provided for, will be possible under the provisions of the statute, with costs.

WERNER, HISCOCK, CHASE, COLLIN, HOGAN and CARDOZO, JJ., concur.

Orders reversed, etc.