In the Matter of the Transfer Tax upon the Estate of
TOOTIE McG. TERRY, Deceased.

MARSHALL O. TERRY and FRANK L. HALL, as Executors,
Appellants; THE COMPTROLLER OF THE STATE OF NEW
YORK, Respondent.

Transfer tax — legacy to a foreign charitable institution, which
is exempt from tax, with reverter to heirs of testatrix — legacy
should be valued as if an absolute and present estate but exempt —
possible reverter to the heirs on contingency — when payment
of tax postponed until contingent beneficiaries come into actual
possession thereof.

1. The rules of valuation for taxation under sections 220, 221, 221-a
and 230 of the Transfer Tax Act may be generally stated as follows:
(1) When the fair market value, at the date of the transferror's
death, of the property which will ultimately go to the remainder-
men is ascertained to any extent by any known method of computa-
tion, the tax is imposed under section 230 *at the highest rate*, and
the provisions of section 222 do not apply to a case thus presented.
(2) The value of the interest of the legatee presently entitled to
receive the money must be *estimated for taxation without* deduction
on account of any *contingency* which might defeat it, although the
present interest may be exempt from taxation, no exception to the
rule for that reason being stated in the statute.    (3) When the trans-
fer or possible reverter to the heirs which defeats or delimits the pos-
session or right of possession of those presently entitled thereto is sub-
ject to a contingency so remote that it cannot be measured by lives or
years or any definite rule, its fair market value cannot be ascertained.
It will, therefore, be ascertained and the tax thereon will "accrue
and become payable only when the persons beneficially entitled
thereto shall come into actual possession and enjoyment thereof."

2. Testatrix bequeathed a legacy to a foreign charitable corpora-
tion "to be retained by it so long and only so long as the said cor-
poration shall continue to exist under its present name and main-
tain under that name a home for destitute aged men and women
* * * the income derived therefrom to be used for the purposes
of the said Home during such period," and if and when the corpo-
tion should cease to do this then the principal of the fund should
revert to the testatrix's heirs at law.    *Held*, that the legacy should
be valued as if absolute (except as to a life estate therein) and

exempted, unaffected by the contingency upon which the legacies would revert to the heirs, and the valuation and taxation of the possibility of reverter to the heirs must be postponed until they come into possession thereunder.

*Matter of Terry*, 173 App. Div. ——, reversed.

(Argued April 17, 1916; decided May 9, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 24, 1916, which affirmed an order of the Westchester County Surrogate's Court assessing a transfer tax upon the estate of Tootie McG. Terry, deceased.

The facts, so far as material, are stated in the opinion.

*Ernest P. Hoes* for appellants. The Tax Law requires that the estate of the home in the legacies given by the 15th and 18th clauses of the will shall be valued as if its estate were absolute. (*Williams* v. *Williams*, 8 N. Y. 525; *Wetmore* v. *Parker*, 52 N. Y. 450; *Matter of Griffin*, 167 N. Y. 71; *Bird* v. *Merklee*, 144 N. Y. 544; *Matter of Church*, 6 Ohio N. P. 223; *Little* v. *Seminary*, 72 Ohio St. 417; *R. R. Co.* v. *Keary*, 3 Ohio St. 201; *Mount* v. *Tuttle*, 183 N. Y. 358; *Robb* v. *Washington & Jefferson College*, 185 N. Y. 485; *Southworth* v. *Morgan*, 205 N. Y. 293.) The future interest (if any) of the "heirs" cannot be valued and is, therefore, not presently taxable. (*Matter of Swift*, 137 N. Y. 77; *Matter of Dows*, 167 N. Y. 227; *Matter of Gihon*, 169 N. Y. 443; *Matter of White*, 208 N. Y. 64; *Matter of Chabot*, 167 N. Y. 280; *Matter of Stewart*, 131 N. Y. 274; *Matter of Curtis*, 142 N. Y. 219; *Matter of Roosevelt*, 143 N. Y. 120; *Matter of Cager*, 111 N. Y. 343; *Matter of Sloane*, 154 N. Y. 109.) The taxation of the legacy given to the home in remainder must be postponed. (*Matter of Sloane*, 154 N. Y. 109; *Matter of Cager*, 111 N. Y. 343.)

*Francis A. Winslow* for respondent. The transfers of the interests in remainder to the heirs at law of the testatrix, under paragraphs "eighth," "fifteenth" and

"eighteenth," of decedent's will, are presently taxable at the highest rate, which on the happening of the contingencies therein provided for may be possible. (*Matter of Vanderbilt*, 172 N. Y. 69; *Matter of Brez*, 172 N. Y. 609; *Matter of Zborowski*, 213 N. Y. 109.)

POUND, J. The legacies about which the present controversy arises are to the A. M. McGregor Home, an Ohio corporation, located at the village of East Cleveland in the county of Cuyahoga and state of Ohio and are by the terms of the will "to be retained by it so long and so long only as the said corporation shall continue to exist under its present name and maintain under that name a home for destitute aged men and women in the said village of East Cleveland; the income derived therefrom to be used for the purposes of the said Home during such period." The will further provides: "If and when the said corporation shall cease to exist under the said name, or shall cease to maintain a Home as aforesaid under said name, I give and bequeath the principal of the said fund absolutely unto such persons as would, according to the statutes of the State of New York now in force, be my heirs at law, and in the same interests and proportion in which, according to said statutes, they would take any real estate situate in the said State of New York of which I had died seized."

The A. M. McGregor Home is a charitable corporation, which was organized about eight years before the death of testatrix and it is undisputed that legacies to it are exempted from and not subject to the provisions of our law imposing taxes upon transfers of property by will or intestate succession. (Tax Law [Cons. Laws, ch. 60], § 221.) The legacies amount in the aggregate to the sum of $1,224,872.45, and, for the purposes of taxation, the courts below have found that the possibility of reverter to the heirs at law of testatrix, nephews and nieces or more remote relatives, is taxable on the cash value of $1,223,872.45,

arrived at by deducting $1,000, exempt from the aggregate amount, and that the tax to which such transfer is liable is presently payable at the highest rate, pursuant to section 230 of the Tax Law, which, so far as applicable, reads as follows: " When property is transferred in trust or otherwise, and the rights, interests or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, *a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article,* and such tax so imposed shall be due and payable *forthwith* by the executors or trustees out of the property transferred; " that a tax is imposed upon all transfers immediately upon the death of the transferrer, regardless of the fact that particular transfers may be of contingent estates in remainder, which might not ultimately be taxable (*Matter of Zborowski,* 213 N. Y. 109), and that the tax, amounting to $82,171.07, must be deducted from the amount payable to the McGregor Home. To accomplish this result the possibility of reverter to the heirs has thus been dealt with as a present contingent transfer of property to them and given the highest possible valuation, *i. e.,* the full amount of the legacies, and the interest of the Home has been given the lowest possible valuation, *i. e.,* nothing.

The executors contend that the provisions of section 230 of the Tax Law above quoted have no application here; that they deal only with the *rate* of the tax where the *valuation* of the transfer of a future interest is certain and the transfer is contingent as to the persons to whom it goes; that the interest of the McGregor Home in such legacies should be *valued* at the amount to which it is entitled to immediate possession under the clause of section 230 which provides: " In *estimating the value* of any estate or interest in property, to the beneficial enjoy-

ment or possession whereof there are persons or corporations *presently* entitled thereto, no allowance shall be made on account of any  *  *  *  contingency upon the happening of which the estate or property or some part thereof or interest therein might be abridged, defeated or diminished," and which provides also for the return of a proportionate amount of the tax if the present estate is in the future diminished; that the interest of the heirs therein under the terms of the will cannot now be valued, and is, therefore, not presently taxable, and, therefore, the provisions of section 222 of the Tax Law apply, which read as follows: " All taxes imposed by this article shall be due and payable at the time of the transfer, except as herein otherwise provided.  Taxes upon the transfer of any estate, property or interest therein limited, conditioned, dependent or determinable upon the happening of any contingency or future event *by reason of which the fair market value thereof cannot be ascertained at the time of the transfer as herein provided*, shall accrue and become due and payable when the persons or corporations beneficially entitled thereto shall come into actual possession or enjoyment thereof;" that this provision alone has to do with the *valuation* of such future contingent interests as cannot be taxed at any rate until the fair market value thereof can be ascertained.

This contention of the executors must be sustained, so far as it exempts the contingent interest of the heirs from present taxation.  The Tax Law must be given a meaning whereby, if possible, all its provisions are read together and made effective.  Such construction presents no unsurmountable difficulties when we consider the further rule of construction that the Transfer Tax Law is to be construed favorably to the persons *taxed* (*Matter of Vassar*, 127 N. Y. 1, 12; *Matter of Cooley*, 186 N. Y. 220, 227), and that the transfer tax is imposed on the right of succession and not on the property transferred.  (*Mat-*

*ter of White*, 208 N. Y. 64.) The question is wholly one of *valuation for taxation* first and taxation afterwards. In all cases we must carve out of one total — the value of the property transferred as of the death of the decedent — the value of the present and the future interests, and the parts can never be greater than the whole. The rules of valuation, so far as applicable, may be generally stated as follows:

(1) When the fair market value, at the date of the transferrer's death, of the property which will ultimately go to the remaindermen is ascertained to any extent by any known method of computation, the tax is imposed under section 230 *at the highest rate*, and the provisions of section 222 do not apply to a case thus presented. (*Matter of Zborowski, supra.*) When the fair market value of a future interest or estate is, for example, dependent upon a life or lives in being, the value of the future estate may be determined "by the rule, method and standard of mortality and value employed by the superintendent of insurance in ascertaining the value of policies of life insurance and annuities." (Tax Law, § 230.) From the total value of the property transferred is then deducted the value of the precedent estate thus determined, and the amount of the future estate thus arrived at, contingent or otherwise, is presently taxable at the highest rate, subject to refund, although it may never vest, or may be transferred to a person or corporation exempt from taxation, or may vest in lineal heirs when it would be taxable at a lower rate, rather in collaterals when it would be taxable at the higher rate. (Tax Law, § 221-a; *Matter of Vanderbilt*, 172 N. Y. 69; *Matter of Burgess*, 204 N. Y. 265; *Matter of Brez*, 172 N. Y. 609; *Matter of Tracy*, 179 N. Y. 501, 509.)

(2) The value of the interest of the legatee presently entitled to receive the money must be *estimated for taxation without* deduction on account of any *contingency* which might defeat it (§ 230), although the present inter-

est may be exempt from taxation, no exception to the rule for that reason being stated in the statute. There is no inconsistency in the two provisions. The *value for taxation* is one thing, the *rate of taxation* an entirely distinct thing. A contingency is one thing and a contingent or defeasible estate in expectancy is an entirely distinct thing. A contingency is a mere possibility of happening. A contingent estate is an interest in property dependent upon an uncertain future event. A contingency may exist which creates no present interest in any one, contingently or otherwise. Contingent interests may be valued by the method above stated. Contingencies do not reduce the valuation of the present interest, when they are nothing more than mere possibilities and are neither future nor contingent estates or interests. The removal or discontinuance of the Home is such a contingency.

(3) When the transfer or possible reverter to the heirs which defeats or delimits the possession or right of possession of those presently entitled thereto is subject to a contingency so remote that it cannot be measured by lives or years or any definite rule, its fair market value cannot be ascertained. It will, therefore, be ascertained and the tax thereon will "accrue and become payable only when the persons beneficially entitled thereto shall come into actual possession and enjoyment thereof." (§ 230.)

Applying these rules to the case at bar the legacies to the McGregor Home must be valued as if absolute (except as the husband of the testatrix has the life use of $500,000 thereof), and exempted, unaffected by the contingency upon which the legacies would revert to the heirs, and the valuation and taxation of the possibility of reverter to the heirs must be postponed until they come into possession thereunder.

Under the rule sought to be applied below we have the anomaly, *first*, of valuing the transfer to the Home at nothing in order to tax the possibility of reverter at the

full amount, which is in direct conflict with the provisions of section 230, *supra*, and, *secondly*, the deduction of the tax from the amount payable to the exempt corporation, the transfer to which is thus taxed at the highest possible amount, based not on any transfer of property to the heirs but on the mere possibility of reverter to them. (*First Universalist Society* v. *Boland*, 155 Mass. 171.) The Home would pay no more if the transfer to it had been taxable and absolute. If section 222 has any application to the valuation of any imaginable future estate or interest or possibility of reverter, it must apply to a case like this and we shall not attribute to the legislature any purposeless meaning of its statutes.

The order appealed from should be reversed, with costs, and the proceeding remitted to the surrogate of Westchester county for further proceedings in accordance herewith.

WILLARD BARTLETT, Ch. J., HISCOCK, CUDDEBACK, HOGAN and CARDOZO, JJ., concur; CHASE, J., dissents.

Order reversed, etc.