(96 Misc. Rep. 531)

### In re POST'S ESTATE.

(Surrogate's Court, New York County. July 31, 1916.)

1. WILLS ⬦⟿602(1)—CONSTRUCTION—ESTATES CREATED—BASE FEE.

Under Real Property Law (Consol. Laws, c. 50) § 140, authorizing a devise to grant a power, a will leaving property to a widow with absolute power of disposal during her lifetime, with remainder over, creates a base fee, and the entire estate belongs to the widow for all purposes except that of testamentary disposition.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1351, 1352, 1359; Dec. Dig. ⬦⟿602(1).]

2. TAXATION ⬦⟿895(6)—INHERITANCE TAX—VALUATION—QUALIFIED FEE.

Where a will left property to the widow with absolute power of disposal during her lifetime, with remainder over, held that its entire value was liable for inheritance taxation under Tax Law (Consol. Laws, c. 60) § 230, prohibiting allowances for contingencies which may defeat the estate, for the widow could use the entire estate, although such use might be partly defeated by her death before exhausting it.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1719; Dec. Dig. ⬦⟿895(6).]

Proceedings to assess an inheritance tax upon property passing under the will of Edward C. Post. From an order fixing the tax Emilie Thorn Post appeals. Affirmed.

Egerton L. Winthrop, of New York City, for appellant Emilie Thorn Post.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton, of New York City, of counsel), for State Comptroller.

FOWLER, S. This is an appeal from an order entered in a proceeding brought to assess a tax upon the transfer of property passing under the will of the decedent. By the third paragraph of his will the testator gave all his estate, real and personal, to his wife Emilie Thorn Post—

"to have, hold, use, occupy and enjoy the same for and during her natural life, with full power and authority in her absolute discretion to sell all or any part of the realty * * * and to sell or otherwise dispose of the personalty, and to have, use and enjoy the proceeds of any such sales without liability to account for either principal or interest, or the income of said residuum of my estate."

⬦⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the fifth paragraph of his will he provided that:

"So much of my estate, including the proceeds of whatever my wife may have sold, as may be remaining in the hands of my said wife at the time of her death, I give, devise and bequeath unto the children of my brother."

The appraiser ascertained the value of decedent's residuary estate to be $297,490.66, and the order entered upon his report assessed a tax on this amount, less an exemption of $5,000, against the widow at the rate of taxation provided by section 221a of the Tax Law (as added by Laws 1911, c. 732), in force at the date of decedent's death. The widow contends upon this appeal that the only interest in the estate which is taxable at the present time is the value of her life estate in the residuary, and that the remainder after such life estate should be suspended from taxation until her death.

In proceedings brought to assess a tax upon estates where the life tenant was empowered by the will to use the principal fund, it was the practice, prior to the decision in the Matter of Zborowski, 213 N. Y. 109, 107 N. E. 44, to ascertain the value of the life estate, assess a tax on such value, and suspend taxation upon the remainder (Matter of Babcock, 37 Misc. Rep. 445, affirmed Id., 81 App. Div. 645, 81 N. Y. Supp. 1117; Matter of Granfield, 79 Misc. Rep. 374, 140 N. Y. Supp. 922). The decision in the Matter of Zborowski, however, appeared to cast some doubt upon the correctness of that practice, and this court has recently held that in such cases the remainder after the life estate should be presently taxed at the highest rate (Matter of Blun, N. Y. Law Journal, March 26, 1916; Matter of Neher, 95 Misc. Rep. 68, 158 N. Y. Supp. 454). The recent decision of the Court of Appeals in Matter of Terry, 218 N. Y. 218, 112 N. E. 931, in which the Matter of Zborowski is distinguished, would seem to indicate that the entire estate should be taxed against the person who has the power to use and dispose of the principal, and that taxation on the interests of the remaindermen should be suspended until they vested in possession. As I understand the decision in Matter of Terry, the court held that where property is given to a legatee with the right of immediate possession and enjoyment, which possession and enjoyment is liable to be defeated or divested by a future contingency, the entire value of the legacy should be presently taxed against the legatee, and the valuation, as well as the taxation of the possible reverter or remainder to other persons, should be suspended until such persons become actually entitled to the possession of the property.

[1, 2] In the matter under consideration the entire residuary estate is given to the decedent's widow for life, with power to use and enjoy it, and without liability to account for either principal or interest. Under secton 140 of the Real Property Law (Consol. Laws, c. 50), this is an absolute power of disposition, except as to any future estate limited thereon in case the power of absolute disposition is not executed. I have repeatedly held that such a power is a base fee. Therefore the entire estate belongs to the widow for all purposes, except that of testamentary disposition. Farmers' Loan & Trust Co. v. Kip, 192 N. Y. 266, 85 N. E. 59. This would seem to bring her interest within that part of section 230 which reads:

"In estimating the value of any estate or interest in property to the beneficial enjoyment or possession whereof there are persons or corporations presently entitled thereto, no allowance shall be made on account of any contingent incumbrance thereon, nor on account of any contingency upon the happening of which the estate or property or some part thereof or interest therein might be abridged, defeated or diminished."

The widow is presently entitled to the beneficial enjoyment of the entire residuary estate, but her right to use it may be defeated by her death before she has used or disposed of it. This contingency will not, however, under the language of section 230 above quoted, prevent the present valuation and taxation of the entire estate. It is transferred to her under the decedent's will, and the state imposes a tax upon the value of the property transferred. There is no authority in the Tax Law for assessing a tax upon the value of her life estate in the residuary, because that is not the interest transferred to her by the will of the decedent; she is entitled, not only to the income from the residuary during her life, but also to the principal. If only a life estate in the residuary were taxed against her, and taxation on the remainder were suspended until her death, and she disposed of the entire estate during her life, the state would then be unable to collect a tax on the remainder, and its right to a tax on the property transferred by the will of the decendent would be defeated. I am therefore inclined to think that the principal laid down in Matter of Terry, supra, applies to this case, and that the appraiser was correct in reporting the value of the entire residuary estate as taxable against the widow. The order fixing tax will be affirmed.