Misc.]    Surrogate's Court, Bronx County, November, 1916.

Matter of the Estate of DANIEL REYNOLDS, Deceased.

(Surrogate's Court, Bronx County, November, 1916.)

**Appeal — by executrix from order assessing transfer tax — Surrogate's Court.**

On an appeal by the executrix from a *pro forma* order assessing a transfer tax, the same was reversed.  Subsequently another order was entered as of course assessing the tax in accordance with the supplemental report filed in accordance with the opinion rendered on the first appeal to the surrogate.  Thereupon, the state comptroller appealed to the surrogate from the second order fixing the tax and the executrix also appealed from the same order urging a ground of appeal that might have been raised on his appeal from the first order entered, but which was not incorporated in the notice of appeal taken therefrom and therefore was not reviewed.  In dismissing the last mentioned appeal of the executrix and affirming the order appealed from by the state comptroller,

Held, that it must be assumed that the appellant considered the first order appealed from correct in all respects, except such as she alleged to be errors in her notice of appeal therefrom; that the order fixing the transfer tax is an entirety and a party appealing therefrom should present upon that appeal every objection which he has to the order; that only such objections as the appellant specifies may be considered, and that the specification of one or more objections is deemed equivalent to a concession that the appellant deems the order correct in all other respects.

PROCEEDINGS on appeal to the surrogate from an order assessing a transfer tax.

John Boyle, Jr., for state comptroller, appellant-respondent.

Oliver E. Davis, for respondent-appellant.

SCHULZ, S.   On November 1, 1915, an order was entered upon the report of a transfer tax appraiser fixing the tax upon the estate of the above-named decedent.   Thereafter the executrix of the last will and testament of the decedent, in her representative capacity and individually, and another party to the proceeding, appealed to the surrogate from said order (Tax Law, § 232, being Laws of 1909, chap. 62, and constituting Consol. Laws, chap. 60), and the same was reversed as to all of the matters referred to in the notice of appeal by an order made and entered August 14, 1916, which remitted the report to the appraiser for correction in the manner indicated in the opinion rendered on said appeal.   *Matter of Reynolds*, N. Y. L. J. July 28, 1916.

The transfer tax appraiser having made his report, pursuant to the opinion upon that appeal and the directions contained in the order of reversal, an order was entered on October 6, 1916, as of course, fixing the tax pursuant thereto.   From this last-mentioned order the executrix, in her representative capacity and individually, appeals, and in her notice of appeal states as a ground of objection the fact that the appraiser has included as taxable property of the decedent's estate four bonds of the Bronx Consumers' Ice Company, each of the par value of $500.   The comptroller moves to dismiss this appeal and he in turn appeals from the said order, stating in his notice of appeal various grounds not necessary to be specifically here enumerated.

The ground of appeal which the executrix now includes in her notice of appeal existed at the time when the order of November 1, 1915, was made and was not incorporated in the notice of appeal taken therefrom and hence not reviewed.   *Matter of Reynolds, supra.*   It must be assumed that the appellant

considered the order correct in all respects except such as she alleged to be errors in her notice of appeal. In *Matter of Cook,* 194 N. Y. 400, the Court of Appeals said: " The order fixing the transfer tax upon an estate is an entirety and a party claiming to be aggrieved thereby and taking an appeal should present upon that appeal every objection which he has to the order. It would lead to endless delay and confusion if he was permitted to take a separate appeal for each objection he had to the order of the surrogate. The practice in this class of cases has always been to consider only such objections as the appellant specifies and to affirm the order as a matter of course in all other respects. The specification of one or more objections is deemed equivalent to a concession that the appellant regards the decree in all other respects correct. It is in substance an appeal only from those parts to which objection is made, and after an appeal from one part of a decree a defeated appellant has never been permitted to appeal from other parts and so on piecemeal until he has obtained a review of the whole by successive appeals."

I am, therefore, of the opinion that the executrix cannot now by appeal from the order of October 6, 1916, obtain a review of this alleged error. It follows that the appeal of the executrix must be dismissed.

As to the appeal of the comptroller: Inasmuch as the order fixes the tax in accordance with the order of August 14, 1916, remitting the matter to the appraiser and the opinion upon which it was entered (*Matter of Reynolds, supra*), the same is affirmed.

Order affirmed.