Matter of the Estate of MILTON J. FALK, Deceased.

(Surrogate's Court, New York County, February, 1918.)

Transfer tax — exemption — executors and administrators — trusts — Tax Law, § 221.

Where executors were given a certain sum in trust to pay the income to testator's sisters during their lives and upon the death of the survivor to give the principal " as a memorial to me and my wife to such charitable institutions as my executors may select," the question of exemption under section 221 of the Tax Law cannot be determined until the remainder is paid over, or an agreement is entered into by the trustees binding them to pay it to some corporation; therefore an order imposing a tax at the highest rate which in any contingency would be assessable will be affirmed.

Misc.]	Surrogate's Court, New York County, February, 1918.

APPEAL from an order fixing and assessing the transfer tax.

Wise & Seligsberg, for executors.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

FOWLER, S. The decedent gave $100,000 to his executors in trust to pay the income to his sisters during their lives, and upon the death of the survivor to give the principal " as a memorial to me and my wife to such charitable institutions as my executors may select." The appraiser reported that the value of the remainder after the life estate of decedent's sisters was taxable against the executors at the rate of five per cent, and the executors have appealed from the order entered on his report.

Section 221 of the Tax Law provides that any property devised or bequeathed to a charitable corporation shall be exempt from taxation, provided that no officer or employee shall be entitled to receive any pecuniary profit from the operations of the corporation except reasonable compensation for services in connection with its strictly charitable purposes, and provided further, that the corporation be organized and conducted exclusively for such charitable purposes. The trustees have not yet formally decided upon the institutions or corporations to which they will pay the remainder, and until such decision is made the court cannot determine whether the corporations or institutions that will be the recipients of the property constituting the remainder are entitled to exemption under section 221 of the Tax Law. If it should be paid to an unincorporated association it would not be exempt; if it should be given to a corporation that, while

Surrogate's Court, New York County, February, 1918. [Vol. 102.

ostensibly charitable, nevertheless pays its officers a compensation in excess of the value of the services rendered by them, it would not be exempt. Until, therefore, the remainder is paid over, or an agreement is entered into by the trustees binding them to pay it to some corporation, the court cannot determine whether it is exempt from taxation, and must impose a tax at the highest rate which in any contingency would be assessable against it. *Matter of Zborowski,* 213 N. Y. 109. The order fixing tax will therefore be affirmed.

Order affirmed.