Matter of the Appraisal for Taxation of the Estate of FREDERICK LAWRENCE UPJOHN, Deceased.

(Surrogate's Court, Suffolk County, August, 1919.)

Transfer tax—charitable institutions—wills—trusts—residuary estates — bequests — Tax Law, §§ 221, 222, 230.

Testator directed that the income of one-half of his residuary estate should be paid to his wife for life and at her death to various named beneficiaries during the life of a certain grandnephew. Upon the death of the wife and the grandnephew the trust estate created by the residuary clause was to cease and determine and, upon the happening of those events, testator directed that the one-half of the residue from which said income was derived should be given to seventeen charitable institutions, which under section 221 of the Tax Law were exempt from the payment of a transfer tax. The will

further provided that in case of the dissolution of any of said charitable institutions prior to the time the bequest to them became effective or in case at the time the bequest should become effective, any of such institutions would be legally incompetent to take, then the amount of any such bequest should be distributed among the other societies, hospitals and institutions thereinbefore mentioned, *pro rata,* in proportion to their respective bequests. *Held,* that the possibility that all of the seventeen charitable corporations would be unable to take " at the time the bequest should become effective " was too remote to be considered present " contingencies or conditions " under section 230 of the Tax Law whereby said bequests might be defeated.

The amount of the possible tax upon the value of the remainder interests passing to the seventeen separate charitable institutions having been ascertained, it can " accrue and become due and payable (only) when the persons beneficially entitled thereto shall come into actual possession or enjoyment thereof " as declared by section 222 of the Tax Law.

APPEAL from an order assessing and fixing a transfer tax.

Caldwell & Masslich, for petitioners.

William H. Robbins, for State Comptroller.

STRONG, S. This is an appeal from a decree of the Surrogate's Court of the county of Suffolk, entered on the 10th day of February, 1919, in transfer tax proceedings upon the estate of Frederick Lawrence Upjohn, deceased, in so far as said decree assesses and fixes a tax upon the value of certain remainder interests passing under the seventh and eighth paragraphs of decedent's will, to seventeen separate charitable institutions.

By paragraph " seventh " of the will testator disposes of the remainder of the estate by giving it to the trustees thereafter named directing that the income of

one-half be paid to his wife for life and upon her death to be paid to various beneficiaries named in subdivision "B" of said paragraph "seventh" during the life of a grand-nephew, Robert Redpath, and upon the death of the wife and Robert Redpath he directs that the trust estate thereby created shall cease and determine and the one-half of said residue from which the income was derived be given to the beneficiaries mentioned in paragraph "eighth" of the will.

The bequests provided for and the beneficiaries named in the "eighth" paragraph of the will are various charitable institutions coming within the provisions of section 221 of the Tax Law exempting charitable institutions from the transfer tax.

The last paragraph of this provision "eighth" of the will provides: "In case of the dissolution of any of the above named societies, hospitals and institutions, to whom bequests have been made by me, prior to the time such bequests shall take effect, or in case at the time such bequest shall become effective any of such societies, hospitals or institutions shall be legally incompetent to take such bequests, then, and in the event of either of such contingencies, it is my will that the amount of any such bequest so failing shall be distributed among the other societies, hospitals and institutions thereinbefore mentioned pro rata in proportion to their respective bequests."

The provisions of section 230 of the Tax Law under which the transfer tax appraiser assessed a tax on a possible remainder on these charitable bequests, read as follows: "When property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which,

on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred, and the surrogate shall enter a temporary order determining the amount of said tax in accordance with this provision.''

The provision that *when property is transferred* and the *rights and interests of the transferees are dependent upon contingencies or conditions,* refers to present contingencies or conditions, not to remotely possible contingencies, as the transfer tax appraiser has interpreted the provision.   The word '' possible '' found later in the provision, refers to the tax payable on such present contingent or conditional estates. The estate taxable and the rate of taxation should not be confused as they are entirely distinct.

The Court of Appeals in affirming the *Hutton Case,* 220 N. Y. 770, had a different situation as in that case the testatrix went further than the direct heirs and next of kin and the power of appointment to the last of the direct line, by distributing the property in default thereof to and among the surviving children of her sister.

As the Court of Appeals said in *Matter of Terry,* 218 N. Y. 218, decided directly before the *Hutton Case, supra,* which is to be distinguished: '' Contingencies do not reduce the valuation of the present interest, when they are nothing more than mere possibilities and are neither future nor contingent estates or interests.''

In the *Terry Case, supra,* the charitable bequest was to a foreign charitable corporation to be retained by it so long and only so long as it should continue to exist under its present name and maintain under that name, in a certain village, a home for destitute aged

men and women, and in case of failure to so carry on the home as there provided the fund was to revert to the heirs at law of testatrix. The court used the test of what reduces the value of the present estate. It held that it must be something more than a remote possibility. If there be a remote possibility, only, it was the duty of the appraiser to fix the tax as to amount and the decree would provide for a deferred payment as required by section 222 of the Tax Law, while if there be a present contingency or condition, the tax should be presently paid by the executors of the estate as provided in section 230 of the Tax Law.

The Court of Appeals in the *Terry* case, where there was a charitable corporation transferee and in the *Hutton* case where there were individual transferees, appears to have recognized a different rule as applying to charitable corporations than to that of individual transferees,— and to have given the charitable corporation transferee a more permanent standing than the individual, where as the court below said in the *Hutton* case " these children may all die by a single catastrophe."

The value of the present estate to the seventeen charitable corporations who are benefited by paragraph " eighth " of the will is not reduced by the further provision that in case of the dissolution of any of them prior to the time, or that if any of them should be legally incompetent to take such payment at the time, the bequest shall become effective, the amount so failing should be distributed among the others.

The possibility that all seventeen of the charitable corporations would be unable to take " at the time the bequests should become effective," is too remote to be considered present " contingencies or conditions " whereby the seventeen charitable corporations may be defeated.

The amount of the possible tax has been ascertained; it can " accrue and become due and payable (only) when the persons beneficially entitled thereto shall come into actual possession or enjoyment thereof, " under section 222 of the Tax Law. The decree fixing the tax will be modified in accordance with the ruling of the court and there will be deducted from the total tax imposed the aggregate of the taxes imposed upon these exempt transfers.

Decree modified.