In the Matter of the Estate of JEANNE or JEANE SONNENBURG, Deceased.

Surrogate's Court, Bronx County, October 19, 1928.

*Stringham & Ryan*, for the appellant.

*Charles A. Curtin* [*Seth T. Cole* of counsel], for the State Tax Commission.

Schulz, S. By her will the decedent devised and bequeathed all of her property to her husband, to use both principal and interest during his lifetime, and at his death, if there was any remaining, she gave one-half thereof to a niece of her husband, and the other half to two nephews and a niece of her own. In the transfer tax proceeding an order was entered upon the theory that the husband of the decedent had a life estate. The life estate was taxed after the deduction of the exemption at the rate of one per cent and the remainders were taxed at the rate of five per cent. This is an appeal from that order by the husband, upon the grounds that the tax is excessive and not in accordance with the proper construction of the will of the decedent, that according to the terms of the will the husband received a fee simple absolute in all of the property of the testatrix and that the tax should have been one per cent upon the value of such transfer, less the exemption. The respondent concedes that the appellant is entitled to a modification of the taxing order so that he may pay the amount of the tax which would be due at the time of the appraisal of the estate, if the contingency had occurred then, and deposit the difference between that amount and the highest amount that could become due, under any circumstances, as provided by section 241 of the Tax Law.

The contention that the husband of the decedent received a fee simple absolute under the will would appear to be based upon section 149 of the Real Property Law, which, so far as material, provides: " Where an absolute power of disposition * * * is given to the owner of a particular estate for life * * * such estate is changed into a fee absolute *in respect to the rights of creditors, purchasers and incumbrancers,* but subject to any future estates limited thereon, in case the power of absolute disposition is not executed, and the property is not sold for the satisfaction of debts." (Italics mine.) These provisions are applicable also

to personal property. (Pers. Prop. Law, § 11; *Cook* v. *Lowry*, 95 N. Y. 103; *Hutton* v. *Benkard*, 92 id. 295; *Ullman* v. *Cameron*, 92 App. Div. 91.)

This statute does not change the life estate to a fee for all purposes but only in respect to the rights of creditors, purchasers and incumbrancers, and subject to future estates, limited thereon. It is intended to protect the rights of the three classes of persons mentioned and is effective even after the death of the owner of the particular estate. (*Matter of Davies,* 242 N. Y. 196.)

It is evident that if the bequest and devise referred to were taxed upon the theory that the whole estate goes to the husband, and that he gets the absolute ownership or a fee, and it subsequently transpired that he did not use the whole estate and some of it remained after his death for distribution to the nieces and nephews, the State having received only one per cent, loses the additional tax to which it became entitled by reason of the transfer to the remaindermen. Whatever the probabilities may have been when the decedent died, the fact would be that under such circumstances there would have been transfers from the decedent to the husband and to the remaindermen, upon the latter of which the State would not have received a tax.

I hold that, so far as the State's right to tax is concerned, the statute did not change the particular estate of the husband into a fee absolute. If I am correct, there is a life estate in the husband which, while it is changed into a fee absolute in respect to creditors, etc., for purposes of taxation, remains a life estate followed by a possible or contingent remainder, depending upon whether or not the husband uses the principal.

The respondent insists that if I find that the ownership in the appellant is not in fee simple absolute, the order must be affirmed because it is claimed that no other ground is urged in the notice of appeal. While there can be no doubt that the appellant is limited to a review upon the grounds set forth in the notice of appeal (*Matter of Cook,* 194 N. Y. 400; *Matter of Davis,* 149 id. 539; *Matter of Reynolds,* 97 Misc. 555; Tax Law, § 232; *Matter of Fletcher,* 219 App. Div. 5, 16), I deem its language to the effect that the tax assessed " is excessive and not in accordance with a proper construction of the will " sufficient to warrant consideration of his further contention made upon the oral argument. This was, that if the possible remaindermen ultimately received any part of the estate, the tax thereon would be payable then and not before.

The decedent died on the 1st day of April, 1924, and the statutes in the form in which they were at the time of the decedent's death control. Section 230 of the Tax Law, so far as material, then

provided as follows: " When property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, * * *."

This was the law applied by the appraiser to the transfers under consideration. A prior part of the same section provided that " In estimating the value of any estate * * * to the beneficial enjoyment * * * whereof there are persons * * * presently entitled thereto, no allowance shall be made on account of * * * any contingency upon the happening of which the estate * * * might be abridged, defeated or diminished; * * *."

The appellant relies upon *Matter of Post* (96 Misc. 531) in which, under similar circumstances, it was held that a base fee resulted where the person having the life estate had coupled with it an absolute right to dispose of all of the principal, and that in consequence the full value is presently taxable, although the right to use it may be defeated by death. Prior to the decision in that matter it was held that the remainder, after a life estate, should be presently taxed at the highest rate, as provided in the Tax Law, even when the life tenant could use some or all of the principal. (*Matter of Neher*, 95 Misc. 68.) In *Matter of Post* (*supra*) the court was of the opinion that the principle laid down in *Matter of Terry* (218 N. Y. 218) applied, and decided accordingly. If *Matter of Terry* applies to the pending proceeding the determination reached in *Matter of Post* would necessarily follow. In my opinion, however, *Matter of Terry* is not determinative of the question before me.

Before the decision in *Matter of Zborowski* (213 N. Y. 109) it had been held that in cases where future contingent interests were involved, the value of the transfer thereof could not be ascertained until the termination of the particular estate, and that during its term the appraisal was postponed. (*Matter of Babcock*, 37 Misc. 445; affd., 81 App. Div. 645, and cases cited; *Matter of Granfield*, 79 Misc. 374; *Matter of Rogers*, 149 N. Y. Supp. 462.) The decision in *Matter of Zborowski* was to the contrary and was followed up to the time of the decision in *Matter of Terry*. In my opinion, it is still authoritative upon the question now before me.

The object in tax legislation has been to protect the State so that it may receive the taxes to which it becomes entitled. This is well stated in *Matter of Parker* (226 N. Y. 260, 264) as follows: " The purpose is to put at once into the treasury of the State the largest sum which in any contingency the remaindermen may

have to pay. The remaindermen do not suffer, for when the estate takes effect in possession, there will be a refund of any excess (Tax Law, sec. 230). The life tenant does not suffer, * * * for interest is paid by the comptroller upon the difference between the tax at the highest rate and the tax that would be due if the contingencies or conditions had happened at the date of the appraisal (Tax Law, sec. 241). * * * Everywhere the scheme disclosed is absolute safety for the State with a minimum of hardship for the life tenant. * * * The State has secured itself against all contingencies, remote as well as probable. That is the dominant scheme, which it is our duty to preserve."

The same thought finds expression in several other cases in our appellate courts. (*Matter of Zborowski, supra; Matter of Hecht,* 219 App. Div. 656; affd., 246 N. Y. 602.) Among the enactments having that end in view was the one quoted, that under certain circumstances there should be levied a tax at the highest rate which could obtain under any possible contingency.

The law, of course, does not demand the performance of impossibilities, and hence when the value of a remainder cannot be ascertained, so that it becomes impossible to fix the tax at the time of transfer, then and then only does section 222 of the Tax Law become operative. This, so far as material, provides that " Taxes upon the transfer of any estate, * * * dependent or determinable upon the happening of any contingency or future event by reason of which the fair market value thereof cannot be ascertained at the time of the transfer * * * shall accrue and become due and payable when the persons or corporations beneficially entitled thereto shall come into actual possession or enjoyment thereof."

*Matter of Terry (supra)* illustrates the type of cases in which the value cannot be ascertained at the time of transfer, for there the term of the particular estate depended upon how long an institution would continue to use its name or carry on a certain kind of work. As it was impossible to tell how long these conditions might continue, the value of the particular estate could not be ascertained by any known method of computation, and in consequence it was impossible to fix the value of the remainder.

Where, however, such value can be ascertained, its fixation and payment are governed by those provisions of section 230 of the Tax Law which require its taxation at the highest rate (*Matter of Zborowski, supra; Matter of Parker, supra; Matter of Hecht, supra*), and contingent estates must be valued by assuming the happening of the contingency which would produce such rate of tax. (*Matter of Allen,* N. Y. L. J. July 14, 1928; *Matter of Hutton,* 176 App. Div. 217; affd., 220 N. Y. 770.)

In *Matter of Terry* the rules of valuation, so far as material to the question before me, are stated as follows: (p. 223): " (1) When the fair market value, at the date of the transferrer's death, of the property which will ultimately go to the remaindermen is ascertained to any extent by any known method of computation, the tax is imposed under section 230 *at the highest rate*, and the provisions of section 222 do not apply to a case thus presented. (*Matter of Zborowski, supra.*) When the fair market value of a future interest or estate is, for example, dependent upon a life or lives in being, the value of the future estate may be determined ' by the rule, method and standard of mortality and value employed by the superintendent of insurance in ascertaining the value of policies of life insurance and annuities.' (Tax Law, § 230.) From the total value of the property transferred is then deducted the value of the precedent estate thus determined, and the amount of the future estate thus arrived at, contingent or otherwise, is presently taxable at the highest rate, subject to refund, although it may never vest, or may be transferred to a person or corporation exempt from taxation, or may vest in lineal heirs when it would be taxable at a lower rate, rather in collaterals when it would be taxable at the higher rate. (Tax Law, § 221-a; *Matter of Vanderbilt*, 172 N. Y. 69; *Matter of Burgess*, 204 N. Y. 265; *Matter of Brez*, 172 N. Y. 609; *Matter of Tracy*, 179 N. Y. 501, 509.) * * *

" (3) When the transfer or possible reverter to the heirs which defeats or delimits the possession or right of possession of those presently entitled thereto is subject to a contingency so remote that it cannot be measured by lives or years or any definite rule, its fair market value cannot be ascertained. It will, therefore, be ascertained and the tax thereon will ' accrue and become payable only when the persons beneficially entitled thereto shall come into actual possession and enjoyment thereof.' (§ 230.) "

In the pending matter the fair market value of the future estate is dependent upon a life in being and it may, therefore, be determined, and the transfer or possible reverter is not so remote that it cannot be measured by lives; hence, under the rules stated in *Matter of Terry*, the future estate is presently taxable.

I am, therefore, of the opinion that the conclusion in the *Terry* case, based as it was upon an entirely different premise, is not an authority supporting the appellant's contention, but on the contrary that the rules enunciated in that matter lead to the conclusion that the order taxing the remainders is correct under the law as it existed at the time of decedent's death.

It follows that the same must be affirmed, with leave to the appellant to apply for a modification of the order as hereinbefore indicated.