OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
To support his claim that the State Division of Human Rights has jurisdiction over his complaint of discriminatory exclusion from a prison work release program, appellant seeks to place the work release program within the compass of the term "employment agency”, defined in subdivision 2 of section 292 of the Executive Law as "any person undertaking to procure employees or opportunities to work”. However, the Legislature expressly vested the State Commission of Corrections with ultimate authority over prisoner grievances with respect to work release programs, to that end specifically providing, in the self-contained, self-standing statutory scheme which authorized the program, that "[t]he decision of the commission shall be final and not be subject to judicial review” (Correction Law, § 871, subd [a]). Therefore, to accord the Division of Human Rights jurisdiction over inmate complaints of discrimination in such programs is not within the reasonable intendment of the Legislature (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 391, pp 555-556; § 398, p 579). And, by no stretch of the imagination can it be said to be consonant with the sound rule of construction which favors the reconciliation even of statutes which arguably could be said to conflict with one another (cf. Matter of Caraballo v Community School Bd. Dist. 3, 49 NY2d 488; Matter of Terry, 218 NY 218, 222).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.