In the Matter of the Transfer Tax upon the Estate of JAMES V. PARKER, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; J. HARLESTON PARKER, as Executor, Respondent.

**Transfer tax — rule for taxation of contingent remainders — when a future estate, which may become vested upon the happening of a contingency, must be taxed at the highest rate that may be possible upon the happening of the contingency.**

1. In computing, under the statute (Tax Law [Cons. Laws, ch. 60], § 221-a), the value of remainders created by the trust provisions of a will, no distinction is to be drawn between the classes of remainders, whether vested or contingent. For the purpose of taxation, the contingency is eliminated, and the gift is classed as absolute subject to the refund provided for by the act (§§ 230, 241).

2. Where testator directed his testamentary trustee, upon the death of his wife, to divide the principal among her children then living, in trust with remainder to their testamentary appointees, or in default thereof to their heirs at law, the residue of the estate, including any legacy or devise which may lapse or fail, to go to a nephew, there are, under such provisions, possible contingencies that may make the principal of the trust a part of the residuary estate, and hence the value of the future estate or remainder, which may possibly go to the

residuary legatee, upon the happening of the contingency, must be taxed at eight per cent, the highest rate that would be possible on the happening of any of the contingencies or conditions which the transfer may involve (Tax Law [Cons. Laws, ch. 60], § 230). (*Matter of Zborowski*, 213 N. Y. 109, followed.)

*Matter of Parker*, 185 App. Div. 300, reversed.

(Argued April 9, 1919; decided April 22, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 6, 1918, which affirmed a decree of the New York County Surrogate's Court assessing a transfer tax upon the estate of James V. Parker, deceased.

The facts, so far as material, are stated in the opinion.

*Schuyler C. Carlton* and *Lafayette B. Gleason* for appellant. The order is erroneous in being based on the theory that gifts in different clauses of the will are to be treated separately starting anew at the primary rate and not being added to obtain the correct graded rate. (*Matter of Dana Co.*, 215 N. Y. 461; *Matter of Neher*, 95 Misc. Rep. 68; *Matter of Spingarn*, 175 App. Div. 806; *Matter of Vanneck*, 175 App. Div. 363; *Matter of Blun*, 176 App. Div. 189; *Matter of Hutton*, 176 App. Div. 217; 220 N. Y. 770; *Matter of Steinwender*, 176 App. Div. 517; 221 N. Y. 611.) The surrogate erred in considering that contingent remainders, or as the statute puts it, remainders subject to conditions and contingencies, should be taken against an individual and not against executors or trustees. (*Matter of Simmons*, N. Y. L. J., June 14, 1912; *Matter of Hogg*, 156 App. Div. 301.)

*Perry D. Trafford* for respondent. The statutes have always treated a contingent remainder and a bequest to an individual as independent transfers, and have provided a separate and complete scheme for the taxation of both. These statutes should not be extended by implication; and a contingent remainder should not be taxed

as if it were an additional gift to an individual legatee, who might become entitled eventually to the remainder. (*Matter of Gihon*, 169 N. Y. 443; *Matter of Brez*, 172 N. Y. 609.) The statute relates to the contingencies and conditions foreseen and provided for by the testator in his will — not to every conceivable possibility. (Cons. Laws, ch. 60, § 230.)

CARDOZO, J. By the will of James V. Parker, who died in January, 1917, property there described as " now in the hands and management of Robert H. Gardiner," is made the subject of a trust. The trustee is to apply the income to the use of Edith Stackpole Parker, wife of John Harleston Parker, during her life; on her death he is to divide the principal into as many shares as there are children of hers then living, and children then deceased leaving issue then surviving; the issue of deceased children are to receive their shares absolutely, *per stirpes;* the children who survive are to receive theirs in trust during their respective lives, with remainder to such persons as they may appoint by their respective wills, and, in default of such appointment, to their heirs at law. All the rest, residue and remainder of the testator's property, including any legacy or devise which may for any reason lapse or fail, is given to John Harleston Parker, a nephew. There is thus a possible contingency that may make the principal of the trust a part of the residuary estate. That result will come to pass if no children or issue of the life tenant shall be living at her death. The property subject to the trust will then swell the estate of the residuary legatee. The value of the life interest in the trust has been appraised at $351,475; the value of the future estate or remainder at $143,890; and the value of the residuary estate (exclusive of the remainder) at $455,941.66. The question to be determined is the rate at which the remainder is to be taxed.

The command of the statute is that it shall be taxed at

the highest rate that would be possible on the happening
of any of the contingencies or conditions which the transfer
may involve (Tax Law, sec. 230; Consol. Laws, chap.
60; *Matter of Zborowski,* 213 N. Y. 109). A possible
contingency will add the remainder to the residuary
estate. In that contingency, the rate of tax that must be
paid will be higher than if the remainder shall pass to
legatees who are given nothing else. The rate does not
depend upon relationship alone. It depends also upon
value. Transfers to father, mother, husband, wife or
child, are taxed at rates which vary from one per cent
to four per cent according to the value of the gift.
Transfers to brother, sister, and some other classes, are
taxed at rates varying from two per cent to five per cent.
Transfers to all other persons are taxed at rates varying
from five per cent to eight per cent (Tax Law, sec. 221a,
as amended by L. 1916, ch. 548). The rate is five per
cent on the first $25,000; six per cent on the next $75,000;
seven per cent on the next $100,000; and eight per cent
on the balance. If the gift of a remainder valued at
$143,890 is considered by itself, the tax will be $8,222, at
which amount it was assessed by the surrogate. If the
gift is added to the value of the residuary estate, the
rate will be eight per cent, and the tax will be $11,411.20.

We think the two gifts must be combined in deter-
mining their value and measuring the tax. A possible
contingency will bring them together in the ownership
of the same legatee. The remainder will then be taxable
at the rate of eight per cent. That is, therefore, the rate
at which the tax must be collected now. The respondent
draws some distinction between rates and grades of rates.
The argument is that there are only three rates: one
per cent for legatees of one class; two per cent for those of
another; five per cent for those of another; and that
progressive variations are not rates, but grades. No
such distinction appears in the statute. The section
(sec. 221a) is headed " rates of tax." In its body, the

same terminology is maintained. A different "rate" is prescribed for the different increments of value. The argument in favor of the supposed distinction does violence, therefore, to the letter of the law. But what is more important, it does violence to the spirit. The purpose of the statute is not obscure. The purpose is to put at once into the treasury of the state the largest sum which in any contingency the remaindermen may have to pay. The remaindermen do not suffer, for when the estate takes effect in possession, there will be a refund of any excess (Tax Law, sec. 230). The life tenant does not suffer, or, at all events not seriously, for interest is paid by the comptroller upon the difference between the tax at the highest rate and the tax that would be due if the contingencies or conditions had happened at the date of the appraisal (Tax Law, sec. 241). If the trustees prefer, they may deposit securities of approved value, and receive the accruing income (sec. 241). To guard against shrinkage of values, the statute bids them pay the balance, if the deposit turns out to be too small. Everywhere the scheme disclosed is absolute safety for the state with a minimum of hardship for the life tenant. Tax this remainder at the rate of eight per cent, and the state is protected against any possible contingency. Tax it at less, and an uncollected balance will be owing to the state if the remainder shall pass to the residuary legatee. That is the very evil against which the statute seeks to guard. Collection is imperilled when the state must keep track of the estate through all the changes and chances of an indefinite future. The path of safety is followed when collection is made at once.

We leave, therefore, a needless hiatus in the framework of the statute when we yield to the respondent's argument. He admits that in a possible contingency, the rate of tax on the remainder will be based on the aggregate value of remainder and residue. He denies that it is the duty of the trustee to take heed of that contingency to-day.

But to say that is to ignore the statute. The trustee is to take heed of all contingencies that may affect the tax on a remainder dependent on the trust. He is not to pick and choose, allowing for some contingencies, and ignoring others. He is to heed them all, or all that the will reveals. Much is made of the point that the contingent remaindermen are not personally liable for the payment of the tax. We cannot see that this affects the duty of the trustee. He is to pay the tax out of the property of the trust, but he is to pay with due regard for the possibilities of the future. Remainders are to be appraised at their present value (*Matter of Zborowski, supra,* at p. 113). They are gifts, like present interests. In fixing their value, no distinction is to be drawn between the classes of remainders, whether vested or contingent. For the purpose of taxation, the contingency is eliminated, and the gift is classed as absolute (*Matter of Terry,* 218 N. Y. 218). The value of other gifts to the same legatee must be reckoned in computing the tax when the remainder is vested. The method of computation is not different when the remainder is contingent. It is argued that in providing against contingencies, we should limit ourselves to those that the testator may be supposed to have foreseen. We need not stop to inquire whether that is so. There is nothing to show that this contingency was not foreseen by the testator, and covered by his will. He might have said, in so many words, that the nephew should receive the remainder in default of issue of the life tenant. He said the same thing in effect when he provided that his nephew should be the residuary legatee. Gifts have the same value whether they are stated separately or collectively. The rate of taxation does not vary with the paragraphs of scriveners.

This construction of the statute maintains the consistency of the law and its singleness of purpose. The state has secured itself against all contingencies, remote as well as probable. That is the dominant scheme, which it

is our duty to preserve. In the case before us, the contingency is in all likelihood remote, and so the mind rebels a little against the tying up of money. But in other cases it may be less remote, and the need of protection greater. Whether in improbable contingencies, the risk justifies the burden, it is not for us to say. That is a question for the legislature. Our duty is done when we enforce the law as it is written (*Matter of Zborowski, supra*, at p. 116).

The order should be reversed, with costs in the Appellate Division and in this court, and the matter remitted to the surrogate for further proceedings in conformity with this opinion.

HISCOCK, Ch. J., CHASE, HOGAN, POUND, MCLAUGHLIN and ANDREWS, JJ., concur.

Order reversed, etc.