Matter of the Estate of AUGUSTA L. CUMMINGS, Deceased.

(Surrogate's Court, New York County, April, 1921.)·

Transfer tax — vested remainders under trust deed — life tenant assumed to survive trust period — exemptions — Tax Law, § 221-a.

Decedent ·died intestate leaving a son and daughter as her only heirs at law and next of kin.   Under a trust deed of decedent a remainder was to vest when said son attained the age of twenty-five years, or upon his previous decease.   At the time of the transfer tax appraisal the son was seventeen years of age.   The order fixing the tax assumed that the son had reached the age of twenty-five years and considered the remainder as vested as of the date of the appraisal in the son and daughter, thereby taxing the transfer of the various funds at the minimum rate against each equally.   *Held,* that the tax was properly made and the appeal of the comptroller is overruled.

Independently of the amounts received by the beneficiaries as of the date of the death of decedent, the transfers deemed to have been effective and complete as of the date of the trust deed were properly subject to a transfer tax, and under the then existing statute were entitled to an exemption of $5,000.

Under the amendment to section 221-a of the Tax Law by ·

Misc.]     Surrogate's Court, New York County, April, 1921.

chapter 664 of the Laws of 1915, the combined transfers to each beneficiary, effective at the date of decedent's death, were entitled to but a single exemption of $5,000.

Appeal from order fixing transfer tax.

Rounds, Schurman & Dwight (Charles E. Hughes, Jr., of counsel), for trustees.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

Foley, S.  This appeal is taken by the state comptroller from the order fixing the transfer tax, upon two grounds, *first,* that the minimum tax to be paid on the valuation of the remainders has been improperly computed; *second,* that three separate exemptions have been improperly allowed on the transfers to the same person.

The decedent died intestate, leaving a son and daughter, her only heirs at law and next of kin.  Three separate funds were found by the appraiser to be taxable, namely:

(A) $1,801,861.92, the value of part of the property conveyed in a trust deed by decedent on February 1, 1912.  This transfer was found to be complete and taxable as of the latter date.

(B) $3,127,322.74, the value of property included in the trust deed, the transfer of which was found to have taken effect as of the date of death of the decedent, September 4, 1918.

(C) $453,467.13, the value of the other property which passed by the intestacy of the decedent upon her death.

None of the parties have appealed from the rule adopted by the appraiser in fixing the dates when the various transfers became taxable.  Section 241 of the

Tax Law provides for the determination of a tax on a contingent remainder at the highest rate possible on the happening of any of the contingencies or conditions under the will or deed. It also provides that the county treasurer " when such tax is paid shall retain and hold to the credit of said estate so much of the tax assessed upon such contingent remainders *as represents the difference between the tax at the highest rate and the tax upon such remainders which would be due if the contingencies or conditions had happened at the date of the appraisal of said estate.*" Further provision is made for the payment by the state to the trustees or executors of interest on this difference between the maximum and minimum tax as fixed in the order, or in the alternative, the estate is permitted to deposit securities to cover this difference and the income thereon may be withdrawn. Under the trust deed the remainder was to vest when the son Thomas A. Yawkey attained the age of twenty-five years, or upon his previous decease. Thomas A. Yawkey was only seventeen years of age at the date of the appraisal. The order fixing tax assumed that the life tenant had reached that age and considered the remainder as vested as of the date of the appraisal in the son and daughter of deceased, thereby taxing the transfer of the various funds at the minimum rate against each of them equally. The comptroller contends that the order could only assume the termination of the prior estate at the *death* of Thomas A. Yawkey, whereupon the entire remainder would have vested, under the terms of the deed, in the daughter, Emma Y. Gardner. The minimum tax based on fund A, mentioned above, under the former assumption, has been fixed in the order at $23,377.92 against each of the beneficiaries, or a total of $46,755.86. Under the method contended for by the state comptroller the

minimum tax on this fund would have been approximately $55,500. The appeal of the comptroller on this point is overruled. Section 241 of the statute contemplates fixing an actual minimum tax to be computed as if the " contingencies or conditions had happened at the date of the appraisal." The statute also contemplates the termination of the prior estate at that date and the ascertainment of the persons in being in whom the estate would then vest in possession and enjoyment. Gleason & Otis Inheritance Taxation, 477–481; Chrystie Inheritance Taxation, 824. The taxing order cannot adopt a contingency which would yield a higher tax, and so in this estate it was proper to assume the survival of the life tenant to the age of twenty-five years, rather than his death before the expiration of that period. In *Matter of Parker*, 226 N. Y. 260, Mr. Justice Cardozo in construing section 241, says: " The purpose is to put at once into the treasury of the state the largest sum which in any contingency the remaindermen may have to pay * * *. The life tenant does not suffer, or, at all events not seriously, for interest is paid by the comptroller upon the difference between the tax at the highest rate and the tax that would be due if the contingencies or conditions had happened at the date of the appraisal. * * * Everywhere the scheme disclosed is absolute safety for the state, with a minimum of hardship for the life tenant." Unless an absolute minimum is fixed in the order, the life tenants will be deprived of the income upon the amount in excess of the lowest tax. In this estate this amount is substantial, approximating $9,000. As the payment of the minimum tax fixed is absolute, and no provision is made for returning the interest thereon to the life tenants (§§ 230, 225), they would be unjustly deprived of the income upon $9,000 for a period of eight years, if the son lived to be twenty-five years old. The intent

of the legislature was clearly to void such a situation. Tax Law, § 241; *Matter of Brez*, 172 N. Y. 609; *Matter of Vanderbilt*, Id. 69; *Matter of Zborowski*, 213 id. 109; *Matter of Parker, supra; Matter of Canda*, 114 Misc. Rep. 161. The rule set forth by me is general only. Contingent remainders are essentially of a complicated nature. The terms of the trust and the facts in a particular estate may justify a departure from or an exception to this rule.

The appeal of the comptroller is sustained, as to the improper computation of the minimum tax on "Property passing as stated in paragraphs ' Seventh ' and ' Eighth ' of the report." For the reasons given below, the additional exemption of $5,000 each is disallowed and the tax should be computed upon each transfer of $1,563,661.37 at four per cent upon the entire fund. The order erroneously computes the tax beginning with one per cent upon the first $25,000; two per cent on the next $75,000; three per cent on the next $100,000, and four per cent on the balance. The lower rates provided for by section 221-a had already been exhausted in the computation upon the sum of $221,-733.57 which was also transferred as of the date of death of decedent. In ascertaining the tax, funds B and C must be considered together. *Matter of Garcia*, 183 App. Div. 712; *Matter of Van Cott*, 180 id. 814.

*Second.* The appeal of the state comptroller in so far as the order has allowed three separate exemptions of $5,000 to each transferee in the computation of the minimum tax, is sustained. Two such exemptions only were deductible. The transfers which were deemed to have been effective and complete as of the date of the trust deed, February 1, 1912, were properly taxed independently of the amounts received by the beneficiaries as of the date of death of decedent. Under the statute then existing these transfers made

in 1912 were entitled to an exemption of $5,000. Laws of 1911, chap. 732; *Matter of Hodges,* 215 N. Y. 447. "The time when the tax accrues, that is, when the transfers take effect, would seem to be the test whether transfers made by different methods or instruments should be taxed separately, or combined." *Matter of Van Cott, supra,* 817. Under the amendment to section 221-a by chapter 664 of the Laws of 1915, the combined transfers to each beneficiary effective at the date of death were entitled to a single exemption of $5,000. *Matter of Furnald,* N. Y. L. J., Jan. 14, 1921; affd., N. Y. L. J., April 15, 1921.

Order corrected accordingly.