## In the Matter of the Estate of MYER HECHT, Deceased.

Surrogate'; Court, New York County, April 21, 1926.

Taxation — transfer tax — Tax Law, § 230, imposing tax on happening of contingencies or conditions affecting transfer of property in trust, and interest or estates of transferees, dependent upon said conditions, is constitutional — statute, construed with Tax Law, § 241, does not direct taking of property without due process of law — imposition of tax on life estate of widow, plus tax on entire residuary estate, proper.

Section 230 of the Tax Law, as amended by Laws of 1925, chapter 144, which provides that when property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies' or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible, which tax shall be computed upon the full and undiminished value of said property at the time of the transfer without deduction on account of any intervening estate or interest, is constitutional, and does not violate the provisions of the Federal or State Constitutions prohibiting the taking of property without just compensation and without due process of law.

The aforesaid statute does not impose a tax as of the date of the death of the decedent on the entire fund as well as on the value of the life estate, for the reason that it must be read in connection with section 241 of the Tax Law, as amended by Laws of 1925, chapter 144, which provides that whenever a tax upon a contingent remainder has been determined at the highest rate which, upon the happening of any of said contingencies, will be possible, the Tax Commission or the county treasurers in the proper case, when such tax is paid, shall retain and hold to the credit of said estate the tax assessed upon such contingent remainder, and shall deposit the amount of the tax so retained in some solvent trust company or savings bank designated by the State Comptroller to his credit on account of such estate, paying the interest thereon, when collected by them, to the executor or trustee of the estate, to be applied by said executor or trustee as provided by decedent's will. The State receives no part of the money until the actual vesting, and instead of working a hardship, said provision operates for the benefit of the parties interested. Therefore, the imposition of a transfer tax upon the life estate of the widow herein, plus a tax upon the entire residuary estate of the decedent who died after the statute became effective, is proper.

APPEAL by executors from order fixing transfer tax.

*Ehrich & Mencher* [*Edmund O. Austin* of counsel], for the executors.

*Charles A. Curtin*, for the State Tax Commission.

O'BRIEN, S. On this appeal by the executors from the order fixing the transfer tax, the constitutionality of chapter 144 of the Laws of 1925, amending section 230 of the Tax Law, is questioned.

In the following excerpt from the 6th paragraph of section 230 the words in italics indicate the portion added to the section by the

amendment: " When property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, *which tax shall be computed on the full, undiminished value of such property at the time of the transfer without deduction for or on account of any intervening estate or interest,* and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred, and the surrogate shall enter a temporary order determining the amount of said tax in accordance with this provision; provided, however, that on the happening of any contingency whereby the said property, or any part thereof, is transferred to a person or corporation exempt from taxation under the provisions of this article, or to any person taxable at a rate less than the rate imposed and paid, such person or corporation shall be entitled to a return of so much of the tax imposed and paid as is the difference between the amount paid and the amount which said person or corporation should pay under the provisions of this article, *computed upon the full, undiminished value of the property as aforesaid."* The act took effect March 16, 1925. The decedent died April 2, 1925.

The report of the transfer tax appraiser has been prepared in accordance with the requirement of the statute. By the will of decedent, the residuary estate is given in trust to pay the income to his wife Pauline Hecht, during her life. On her death the remainder is to pass to the children or issue of deceased children. The residuary estate is appraised at $322,094.37. The value of the widow's life estate computed by the Superintendent of Insurance on her expectancy of life at her age (sixty-four) at the date of the decedent's death, is $124,957. The tax on this transfer is $2,348.71. The residuary estate of $322,094.37 is taxed against the executors for the benefit of a person of the one per cent class. The tax is $9,633.77.

It is contended by the appellants that the imposition of the tax on the life estate of the widow plus the tax on the entire residuary estate is a violation of the provision of the Federal and State Constitutions prohibiting the taking of property without just compensation and without due process of law, in that a tax is being imposed " on more property than decedent owned at his death."

The appeal must be denied. If the statute did in fact and law impose a tax *as of the date of the death of the decedent,* on the entire fund as well as on the value of the life estate, the legality

of its provisions might be open to serious question. This is not the effect of the enactment. Section 230 must be read and construed in connection with section 241 of the Tax Law which was also amended by chapter 144 of the Laws of 1925. The 2d paragraph of section 241 provides as follows: " Whenever the tax on a contingent remainder has been determined at the highest rate which on the happening of any of said contingencies or conditions would be possible under the provisions of this article, the tax commission, in the counties wherein this tax is payable direct to it, and in all other counties the treasurer of said counties, respectively, when such tax is paid shall retain and hold to the credit of said estate the tax assessed upon such contingent remainders, and the tax commission or the county treasurer shall deposit the amount of tax so retained in some solvent trust company or trust companies or savings banks in this state designated by the state comptroller, to the credit of the state comptroller on account of such estate, paying the interest thereon when collected by him to the executor or trustee of said estate, to be applied by said executor or trustee as provided by the decedent's will. Upon the happening of the contingencies or conditions whereby the remainder ultimately vests in possession, if the remainder then passes to persons taxable at the highest rate, the state comptroller on the certificate of the tax commission, shall turn over the amount so retained to the state treasurer as provided herein and by section two hundred and forty of this chapter, or if the remainder ultimately vests in persons taxable at a lower rate or a person or corporation exempt from taxation by the provisions of this article, the state comptroller on the certificate of the tax commission shall refund any excess of tax so held to the executor or trustee of the estate, to be disposed of by said executor or trustee as provided by the decedent's will. Executors or trustees of any estate may elect to assign to and deposit with the tax commission or the county treasurer, bonds or other securities of the estate approved of by the tax commission, both as to the form of the collateral and the amount thereof, for the purpose of securing the payment of the tax on said remainder, which said bonds or other securities shall be held by the tax commission, or the county treasurer to the credit of said estate until the actual vesting of said remainders, the income therefrom when received by the tax commission or the county treasurer to be paid over to the executor or trustee during the continuance of the trust estates."

It appears from the foregoing section that the cash or its equivalent required to be deposited covering the amount of tax due on the value of the undiminished remainder is in fact *merely security for the subsequent payment of the tax.*

The State receives no part of the money until the actual vesting. The entire income of the amount deposited is paid to the executor or trustee. Instead of · working a hardship as claimed by the appellants, the provision operates for the benefit of the interested parties. There is no diminution of the income of the life tenant and the remainderman is not called upon to pay any of the tax until he receives the undiminished fund. There is a provision in the amendment of section 230 of the Tax Law for the filing of a bond in case the personalty is insufficient to pay the tax. The provision for the taxation of remainders at their undiminished value became a part of section 230 of the Tax Law of 1896 by chapter 284 of the Laws of 1897. It was omitted when chapter 76 of the Laws of 1899 was enacted. It was restored by chapter 173 of the Laws of 1901 and has been in the Tax Law since that time. Until the enactment of the present amendment, however, it applied only to those remainders, the taxation of which was suspended in original transfer tax proceedings. The validity of the provision taxing full undiminished remainders was sustained by the Court of Appeals in *Matter of Seligmann* (170 App. Div. 837; affd., 219 N. Y. 656). In that case the will of the decedent provided that certain shares of a trust fund should be paid to his sons when they reached the ages, respectively, of twenty-one, twenty-five and thirty years, the income to be paid to them in the meantime. The value of each installment was appraised at $70,573.43. The appraiser fixed the values of the temporary life estates of each of the sons at certain amounts and the order fixed the tax on these respectively, suspending the tax on the remainders. When one of the sons had arrived at the age of twenty-one years and the other at twenty-five, application was made to fix the tax on the remainders. The order entered on the application fixed the tax in each case on the difference between the value of the temporary life estate and the value of the installment payable to each. The court modified the order and held that the tax should be imposed on $70,573.43, the value of the installment of each, in other words upon the full undiminished value of the principal of the installment.

The requirement in the amendment of the deposit of cash or securities to insure the ultimate payment of the tax is within the powers of the Legislature. Prior to the enactment of chapter 800 of the Laws of 1911 a tax was imposed on contingent remainders at the highest possible rate. As the tax was to be paid out of the property transferred and accrued at the date of decedent's death the life tenant was deprived of the income from the amount of so much of the principal as was applied to the payment of a tax which in most cases was greater than that ultimately found to be due. The

inequitable result of the operation of the statute was recognized in *Matter of Brez* (172 N. Y. 609). A remedy was suggested to the Legislature in the opinion in that case, written in 1902. By chapter 800 of the Laws of 1911, sections 230 and 241 of the Tax Law were amended so that in lieu of the payment in cash of the tax on contingent remainders, cash or securities might be deposited for the difference between the tax which would be due if the contingencies had happened at the date of the appraisal and the tax assessed at the highest rate. This amendment while lessening to a considerable extent the hardship to the life tenant, did not completely eliminate it, for he was still deprived of the income on the so-called minimum tax upon the remainder. By the enactment of the amendment of 1925 (Laws of 1925, chap. 144) which is under discussion here, the *life tenant receives the income on the entire remainder*, the remainderman receives the remainder unimpaired and is not called upon to pay the tax until it actually vests in his possession, the only loss or disadvantage to any of the interested parties being (1) the *pro tanto* loss to the life tenant of the *income* upon that portion of the fund used to pay the tax on the life tenant's interest; and (2) the loss in principal to the remainderman of the same amount. In discussing a question arising under the Tax Law as it stood in 1917, and prior to the amendment here in question, Judge CARDOZO said (*Matter of Parker*, 226 N. Y. 260, 264): "Everywhere the scheme disclosed is absolute safety for the State with a minimum of hardship for the life tenant." Under these more recent amendments this language has greater force for there is a still further amelioration of the hardship upon the life tenant. The order fixing tax is affirmed. Submit order on notice.