In the Matter of the Estate of ELIZABETH ELLEN AUCHINCLOSS, Deceased.

Surrogate's Court, New York County, July 6, 1926.

**Taxation — transfer tax — aggregate of all legacies to single legatee under Tax Law, § 221-a, must be made basis for transfer tax — specific legatee under decedent's will is also contingent remainderman — said legatee may take entire principal of trust fund — tax should be assessed on principal of trust fund plus specific legacy — imposition of tax on value of life estate and undiminished remainder is not illegal (Tax Law, § 230).**

For the purpose of computing a transfer tax, the aggregate of all legacies to a single legatee must be taken into consideration and made the basis for the assessment. (Tax Law, § 221-a, added by Laws of 1911, chap. 732, as amd. by Laws of 1921, chap. 476; Id. § 230, as amd. by Laws of 1925, chap. 144.)

Accordingly, where under decedent's will a specific legatee is also a contingent remainderman who might, on the happening of a contingency, take the entire principal of the trust fund, the principal of that fund, plus the specific legacy, constitutes the basis upon which the rate of assessment must be made.

The imposition of a tax on the value of a life estate and the undiminished remainder does not amount to double taxation and is not illegal, in view of the provisions of section 230 of the Tax Law, as amended by Laws of 1925, chapter 144.

APPEAL from order fixing transfer tax.

*Davis, Polk, Wardwell, Gardiner & Reed* [*Lee McCanliss* and *Walter D. Fletcher* of counsel], for the executors.

*Charles A. Curtin,* for the State Tax Commission.

FOLEY, S.   This is an appeal by the State Tax Commission from the order fixing the transfer tax on the ground that the tax on a remainder was not fixed at the highest possible rate.

The decedent died June 29, 1925, so that the method of taxation is governed by chapter 144 of the Laws of that year, in effect March 16, 1925, amending section 230 of the Tax Law.

Surrogate's Court, New York County, July, 1926. [Vol. 128

The decedent gave a life estate in the residuary estate of $135,661.04 to her brother William Stuart Auchincloss. The principal of the fund, less trustees' commissions, has been taxed against the executors for the benefit of a person of the five per cent class. It is possible that the remainder may vest in Joanna Russell Auchincloss, a niece of the decedent, who receives a legacy of $10,000. The State contends that the tax on the remainder should be computed on the assumption that it may vest in this legatee. The result would be that instead of a tax of $7,863.62 as assessed in the order, a tax of $8,063.62 will be imposed.

The appeal is sustained. The contention of the executors is that the Legislature by the amendment intended to tax the transfer of the remainder separately and independently of other transfers under the will of the remaindermen. The language of the new statute does not support that contention nor indicate any such legislative intent. Section 221-a of the Tax Law (added by Laws of 1911, chap. 732, as amd. by Laws of 1921, chap. 476), which fixes the rates of tax on " all transfers," which plainly means the aggregate of all transfers, remained unchanged after the amendment of 1925 to section 230 of the Tax Law. (See, also, Tax Law, § 243, as amd.) The question involved in the present case was decided in favor of the State in *Matter of Parker* (226 N. Y. 260). There it was held that the statute required the tax to be assessed on the assumption of the contingency which would produce the maximum amount of tax. The provision was retained in the amendment of 1925. In *Matter of Parker* (*supra*, 265) it was likewise decided that the value of other gifts to the same legatee " must be reckoned in computing the tax when the remainder is vested." It is obvious that the tax will be larger in amount if the remainder ultimately vests in Joanna Russell Auchincloss than if it vests in a person to whom no other transfer was made.

The objection that the imposition of a tax on the value of a life estate and the undiminished remainder amounts to double taxation and that the statute is, therefore, unconstitutional was answered by Mr. Surrogate O'BRIEN in his decision in *Matter of Hecht* (127 Misc. 211), citing *Matter of Seligmann* (170 App. Div. 837; affd., 219 N. Y. 656).

Submit order on notice modifying taxing order in accordance with this decision.