In the Matter of the Estate of MARY L. PAYNE, Deceased.

Surrogate's Court, New York County, January 30, 1928.

*Cullen & Dykman,* for the estate.

*Charles A. Curtin,* for State Tax Commission.

FOLEY, S. The State Tax Commission takes this appeal from the report of the transfer tax appraiser and the order entered thereon on the following grounds: (1) That the tax on the valuation of a surviving temporary life estate for persons in the five per cent class in the income from the residuary trust during the life of Sarah K. Payne, provided she survives Harriet L. Payne, was suspended; (2) that the valuation of the surviving temporary life estate may be computed and a tax thereon should have been assessed against the executors; (3) that the tax on the remainder

was improperly computed, as the remainder may vest in the same person who may enjoy the surviving temporary life estate.

The decedent died on April 1, 1926. By her will she established a trust of her residuary estate and provided for the payment, from the income thereof, of $1,800 yearly to her sister-in-law, Sarah K. Payne, with the balance of the income to be paid to her daughter, Harriet L. Payne, during their joint lives. Upon the death of the sister-in-law the entire income is to be paid to the daughter. She further provided that, in the event of the death of the daughter prior to that of the sister-in-law, the income in excess of the amount specified to be paid to the sister-in-law should be paid to such of the children, as might then be living, of her three nephews and her niece and to their lawful descendants.

The first and second grounds of appeal are sustained. The appraiser has erred in suspending from consideration the tax on the value of the income payable on the death of the daughter, Harriet L. Payne, provided she predeceases Sarah K. Payne, the decedent's sister-in-law. That a surviving life estate may come into existence under this contingency must be anticipated, and, pursuant to the statute, the State must be protected against a tax that may accrue upon that transfer. As is stated by Judge MILLER, writing for the Court of Appeals in *Matter of Zborowski* (213 N. Y. 109, 116), " it is the duty of this court to give effect to the statute as it is written." It is possible to value this contingent succeeding life estate, and the taxing order, therefore, should temporarily tax against trustees for the benefit of a person of the five per cent class a contingent succeeding life estate based upon the life of Sarah K. Payne. (*Matter of Hosford*, 129 Misc. 825; *Matter of Zborowski*, *supra*.) The appeal on the third ground is sustained. (*Matter of Parker*, 226 N. Y. 260; *Matter of Auchincloss*, 128 Misc. 307.)

Submit order on notice modifying the taxing order in accordance with this decision.