## In the Matter of the Estate of MORRIS SCHINASI, Deceased.

Surrogate's Court, New York County, January 13, 1931

*Wise & Seligsburg*, for the estate.

*Charles A. Curtin*, for the State Tax Commission.

FOLEY, S. This is an appeal by the executors of the above-named decedent from the report of the appraiser and the order assessing tax entered thereon on August 25, 1930, on the following grounds: (1) That the order erroneously assessed a tax on the sum of $1,000,000, whereas, under the terms of the will of the decedent, the gift is a charitable bequest and exempt from transfer tax under section 221 of the Tax Law (as amd. by Laws of 1928, chap. 844);

(2) that the secondary life estates in one-third of the residuary to the daughters of the decedent have been taxed at the rate of four per cent, whereas, the rate should be at the graduated scale of one, two, three and four per cent.

The first ground of the appeal is sustained. The decedent died on September 10, 1928, a resident of New York county. Under the 5th paragraph of the will the decedent gave the sum of $1,000,000 to the Chemical National Bank, in trust, for the purpose of erecting and maintaining a hospital in the country of his birth, and further provided: " I direct my Trustee to incorporate such hospital, either in the State of New York (or any other State of the United States) or Asia Minor, or both, wherever in the judgment of my Trustee shall be most advisable, but I leave to the judgment of my Trustee all the details of the establishment of said hospital, including the forms of contracts, amounts payable thereunder, plans, specifications and general details of the erection thereof, the selection of Trustees or such other governing bodies as may be necessary or advisable, and all other matters incidental to its erection and establishment."

Section 221 of the Tax Law exempts from tax any bequests or devise to " any religious, educational, library, charitable, missionary, benevolent, hospital or infirmary corporation, wherever incorporated." The direction of the decedent as to the disposition of this fund is binding on the trustee, and it is unreasonable to confine the language of section 221 only to transfers to charitable corporations in existence. (*Matter of Le Fevre*, 233 N. Y. 138; *Matter of Juilliard*, 238 id. 499.) The trust fund is, therefore, exempt from tax.

With respect to the second ground of the appeal, the decedent bequeathed his residuary estate in trust, the income of which is to be divided equally among his widow and three children during the life of the widow, and on her death the principal of the residuary estate is to be divided into " equal shares, of such number that there shall be one equal share for each child of ours who may then survive, and one share for the then living descendants, taken as a whole, of each child of ours who shall have previously died leaving descendants then surviving, and I order and direct my Trustee to hold, in further trust, as hereinbefore set forth, each of said equal shares, and to pay over the net income in quarter yearly payments from one of said equal shares to each child of ours who shall then survive, for and during the term of her natural life, and upon her death, if she shall leave descendants her surviving, I give, devise and bequeath, and order my said Trustee to pay over, the principal of such share to such descendants, in equal shares, but *per stirpes*

and not *per capita*, and said trust, as to such share, shall thereupon cease and terminate."

In computing the tax on the contingent life estates which may come into existence for the three children on the death of the widow, it was proper to aggregate all legacies that might go to a single legatee. (*Matter of Auchincloss*, 128 Misc. 307; *Matter of Parker*, 226 N. Y. 260.) Each of the children, having already received over $200,000, the contingent estates were properly taxed at the four per cent rate. The appraiser, however, has erroneously fixed the contingent interest of each child upon a life estate of one-third of the full value of the trust fund. Thereby a tax was improperly assessed upon a transfer which may never become effective because any one of the life tenants may predecease the widow whose life measures the primary trusts. The primary life estates of the children were properly taxed based upon the widow's expectancy. The only additional interest which may be received by each child upon the death of the widow will be a life estate in one-third of the widow's one-fourth interest in the fund. New valuations of each child's contingent life estate in these one-twelfth shares must, therefore, be obtained and the order fixing tax corrected accordingly. The appeal upon this point is, therefore, sustained to that extent.

Submit order on notice modifying the order fixing tax in accordance with this decision.