In the Matter of the Estate of GEORGE S. JELLERSON, Deceased.

Surrogate's Court, New York County, August 22, 1934.

*Edgar Hirschberg*, for the State Tax Commission.

*Leo Brady* [*Joseph F. McCoy* and *M. Francis Bravman* of counsel], for the respondent.

FOLEY, S. The question at issue in this transfer tax proceeding is raised by the State Tax Commission in two ways: (1) By an appeal from the order entered February 5, 1934, which modified the order fixing tax entered April 21, 1924, and (2) by a notice of motion to vacate the order of February 5, 1934. The contention of the State Tax Department is the same in both instances, namely, that in so far as the taxation relates to intangible personal property,

the court was without jurisdiction to make the order of February 5, 1934. The reason for the motion to vacate is to remove any question as to the correctness of the procedure of appealing to the surrogate from the order of February 5, 1934. This order I hold to be a *pro forma* one from which an appeal may only be taken to the surrogate, and, therefore, either the appeal or the motion to vacate is proper procedure.

The testator died a resident of the State of New Jersey on October 10, 1922, leaving real property in the city of New York and intangible personal property consisting of shares of stock in New York corporations subject, under the then existing Tax Law, to taxation in this State. Under the terms of the will the real and personal property constituted one entire trust fund. In the order of April 21, 1924, the vested interests passing to the testator's widow and three daughters were taxed against them. The balance of the estate taxable in New York, amounting to $26,502.94, was taxed at the highest possible rate against the executors for the benefit of persons in the five per cent class. The order of April 21, 1924, did not state the lowest possible tax, although under the provisions of section 241 of the Tax Law, in effect at that time, such computation could have been made. On December 23, 1933, a motion was made to modify the order of April 21, 1924, so as to specify the amount of tax that would have been due on the property transferred contingently if the contingencies had happened at the date of appraisal. This motion was granted and the order of February 5, 1934, was entered whereby the difference between the highest and lowest tax on the contingent remainders was stated separately as to the real and intangible personal property. The purpose of this order was to specify the amount, namely, $943.58, representing the difference between the highest possible tax on the intangible personal property and the amount of tax that would have been due if the contingencies had happened at the date of appraisal, so that the Comptroller, pursuant to section 241 of the Tax Law, would deposit said amount to the credit of the estate. That this mathematical calculation devolved upon the surrogate cannot be disputed. (*Matter of Spingarn*, 175 App. Div. 806.) No question is raised as to the court's jurisdiction over the real property situated here. It is conceded that the intangible personal property has no business situs in this State.

The State Tax Commission contends that under the recent decisions of the United States Supreme Court in *Farmers Loan & Trust Company* v. *Minnesota* (280 U. S. 204); *Baldwin* v. *Missouri* (281 id. 586); *Beidler* v. *South Carolina Tax Commission* (282 id. 1), and *First National Bank* v. *Maine* (284 id. 312) this court is

without jurisdiction to impose transfer taxes upon the intangible personal property, and that, therefore, both the order of February 5, 1934, and the order of April 21, 1924, are subject to vacatur on the application of any party in interest. The further argument is made that as the estate will at a future time seek a vacatur of these orders under the Federal decisions cited, the present motion by the State Tax Commission should be granted.

The appeal of the State Tax Commission and its motion to vacate the order of February 5, 1934, is denied. The tax assessed in the order of April 21, 1924, against the executors on contingent transfers at the highest possible rate of five per cent was not a final determination of the amount of tax, but merely a temporary assessment. The estate or the State Tax Commission was entitled to have a provision in that order, in accordance with section 241 of the Tax Law, setting forth the calculation of the lowest possible tax that would be due on the contingent transfers if the contingencies had happened as of the date of appraisal. (*Matter of Spingarn, supra; Matter of Parker*, 226 N. Y. 260; *Matter of De Cordova*, 199 App. Div. 492; affd., 234 N. Y. 514; *Matter of Dick* v. *Murphy*, 219 App. Div. 141.) The effect of the omission of this provision in the order was to cause the estate the loss of interest on the amount that should have been deposited by the Comptroller in a separate account. The delay in entering the order of February 5, 1934, was in no way prejudicial to the State of New York as it had the use of the money temporarily deposited without paying for it. Having entered the order of April 21, 1924, and thereby exercising jurisdiction over property which the Supreme Court of the United States subsequently declared not to be subject to tax in this State, the entry of the modifying order of February 5, 1934, was properly within the powers of the surrogate. This order did not attempt to assess a tax, but merely set forth a mathematical calculation omitted in the original order. It is argued that the effect of the modifying order will be to enable the estate to ultimately obtain a repayment of a part of the amount paid to it. It is sufficient answer to this contention that the tax on the particular transfer was unconstitutional; that there was a continuing power in the surrogate under *Matter of Spingarn* (*supra*) to modify the order. In such a situation the State ought not to retain moneys which, in effect, were temporarily deposited with it under an order modified subsequently to conform with the existing law. Where the original order fixing tax is absolute and the time to appeal has expired, the State is entitled to retain the tax paid, even though the transfers were subsequently declared in later decisions to be unconstitutional. Where the order is temporary in its nature and the ascertainment of the

amount due has not been finally determined or adjusted, either in law or upon the actual happening of the contingencies under the trust, the rule laid down in this decision should be applied.

Submit order on notice denying the appeal of the State Tax Commission and its motion accordingly.