**COYLE, Estate of, In re. Deceased: DEPARTMENT OF TAXATION, Appellant, v. MIZER, as Executor, Appellee.**

Ohio Appeals, Seventh District, Portage County.

No. 202. Decided March 4, 1954.

C. William O'Neill, Atty. Genl., Jack H. Bertsch, Larry H. Snyder, Asst. Atty. Genls., Columbus, for the Department of Taxation of Ohio, appellant.
Loomis & Jones, H. R. Loomis, Ravenna, for appellee.

## OPINION

By GRIFFITH, J.

This appeal is taken from an order of the Probate Court of Portage County, Ohio, overruling exceptions taken by the Department of Taxation, Division of Inheritance Tax of the State of Ohio, for the determination of inheritance tax made in the Estate of Edward A. Coyle, deceased.

The case was submitted as an appeal on questions of law and pertains to the interpretation of Items III and IV of the will of the deceased. Said items read as follows:

**ITEM III.**

All the rest and residue of my estate of every kind whatsoever, I give, devise and bequeath to Earl Mizer of Mantua, Ohio, in trust for the uses and purposes hereinafter mentioned. The use and income of said property to be paid for the support and maintenance of my son, Clarence Coyle, with full power and authority on the part of said Trustee to spend from the principal of said fund, if the use and income together with other property he may have an interest in is not sufficient to support and maintain him. I further authorize and empower my said Trustee to give to my said son any portion of the principal thereof which my said Trustee may believe to be for the best benefit of my said son. Said gift may, if my said Trustee so elects, include all the remaining portion of said trust fund. It is the intent and purpose of this trust fund to provide for the support and maintenance of my said son, with power to consume the principal for his support and maintenance, and with the full power to give to said son any portion or all of said principal, in the event my said trustee shall determine that my son would not waste or foolishly expend said funds.

**ITEM IV.**

Whatever may be left, if any, in said trust fund at the time of the death of my said son, I give, devise and bequeath to the heirs of his body. If he shall not leave surviving him any heirs of his body, then I give, devise and bequeath whatever may be left in said trust fund, if any, to my blood nieces and nephews, share and share alike. **If any of said nephews or nieces should die prior to the death of my said son, leaving surviving them heirs of his or her body, then said heirs shall receive the portion of said trust fund which said niece or nephew would have received, if living.**

In the determination of the tax, it was the duty of the Probate Court, under the provisions of §5343 GC, to take into account all possible contingencies set up in the will and to follow that line of succession which will yield the highest rate of taxation.

The purpose of §5343 GC, is stated by our Supreme Court in the case of **Wonderly v. Tax Commission, 112 Oh St 233:**

"The frank purpose of the inheritance tax law seems to be to secure for the state the highest rate of taxation that any given succession is justly susceptible of in the legislative mind and to secure the same to the state at the earliest moment subject to such refunders as the legislature has seen fit to allow."

The Court failed, in the determination of the tax, to take into account the interests of the heirs of the body of nieces and nephews. It held that the remainder vested in the nieces and nephews at the death of the testator subject to being divested if heirs of his body survived the son, and that the language used is that of an absolute bequest.

The controversy arises over the effect to be given to the concluding sentence in Item IV which reads,

"If any of said nephews or nieces should die prior to the death of my said son, leaving surviving them heirs of his or her body, then said heirs shall receive the portion of said trust fund which said niece or nephew would have received, if living."

Clearly the nieces and nephews have a remainder which vested at the death of Edward A. Coyle. Is that remainder subject to divestment upon the happening of either of these two contingencies?

(1) The death of the testator's son leaving surviving heirs of his body.

(2) The death of the nieces and nephews prior to the death of the son with heirs of their body surviving.

The first contingency was recognized by the Probate Court but not the second. The Tax Commission contends that the Court should have taken into consideration this possible contingency in its determination. This the Court did not do holding, that the remainder having vested in the nieces and nephews, there could be no estate over to their "heirs of the body."

The Court felt that this provision at the end of Item IV was of no legal effect or at most precatory in nature, and that the blood nieces and nephews of the testator are given an indefeasible estate in fee simple of whatever may be left in the trust fund upon the death of the son if the son does not leave any heirs of his body.

It is a well established principle of law that an absolute power of disposition or alienation in the first taker defeats a limitation over by way of executory devise. You cannot, in your will, give an absolute fee in one clause and then limit it or take it away in another clause of the will.

340

In the instant case, the fee which vested in the nieces and nephews was subject to be divested if the contingency set forth in the last clause of Item IV should occur and, if it should occur, then the fee which was vested in the niece or nephew became divested in such niece or nephew and vested then in the heirs of his or her body.

At the time of the death of the testator, the nieces and nephews had no right to possession immediately upon the determination of the particular intervening estate for three reasons:

1. The son may, at his death, leave heirs of his body.

2. The trustee, Earl Mizer, may spend from the principal all of the trust fund so that such fund would be totally exhausted at the time of the death of the son.

3. The nieces or nephews may die prior to the death of the son leaving "heirs of his or her body."

In the case of Norris v. Beyea, 13 N. Y. 273, the Court, in discussing the application of the principle of law that an absolute power of disposition or alienation in the first taker defeats a limitation over by way of executory devise, stated at page 284 of its opinion:

"But there is, in truth, no repugnancy in a general bequest or devise to one person, in language which would ordinarily convey the whole estate, and a subsequent provision that upon a contingent event, the estate thus given should be divested and go over to another person. The latter clause, in such cases, limits and controls the former, and when they are read together it is apparent that the general terms which ordinarily convey the whole property are to be understood in a qualified and not absolute sense."

The concluding clause in Item IV clearly created a condition or contingency which may happen and which comes within the purview of §5343 GC, and the Court should have heeded it. This clause limits the fee in the nieces and nephews.

Under Item III of the will, the trustee was clothed with authority to spend from the principal of the trust if the income thereof should not be sufficient to support and maintain the testator's son who was the life beneficiary of the trust.

The largest tax in which any contingency the remaindermen may be required to pay requires the executor, in this case, to assume that the son will die without heirs of his body and that all the blood nieces and nephews will die prior to the death of the said son leaving surviving them heirs of his or her body who would receive the portion of said trust fund which said niece or nephew would have received if living.

The case of **The Cleveland Trust Company, Trustee, Appellee, v. Irma P. Andrus**, Case No. 1278, Lorain County Court

of Appeals, decided March 25, 1953, has been cited by Appellee. (95 **Oh Ap 503.** OS No. 33613. MCO 10-14-53.)

In this case, the will provided for a life estate to the wife and then the estate was to pass to the four children and to the children of testator's daughter, Clara, absolutely and in fee simple, and then it provided that should any of his children in the meantime die leaving heirs of his body, such portion should go to their children in equal shares.

The Court properly held that the remainder vested upon · the death of testator. The provision in that will differs from that in the instant case which provides,

"If any of said nephews or nieces should die prior to the death of my said son leaving surviving them heirs of his or her body, then said heirs shall receive the portion of said trust fund which said niece or nephew would have received if living."

In the case before us, the will specifically provides a gift over to the heirs of the body of the nieces and nephews if said nieces and nephews "should die prior to the death of said son, leaving heirs of the body surviving."

Such being the case, the heirs of the body of the nieces and nephews do take a contingent interest under the will, and such interest being a possibility or contingency should be considered in the determination of the tax.

The Court should take into account all the possible contingencies set up in Items III and IV of the will and follow the line of succession which will yield the highest rate of inheritance tax.

It is our opinion, therefore, that the tax on the succession to Earl Mizer, in trust, under Item III of the will of Edward A. Coyle, deceased, should be controlled by §5335, **paragraph 3, GC,** which fixes the rate at 7% on such portion of the value of the property transferred up to $25,000 and with no exemption.

For the reasons given, the judgment of the Probate Court will be reversed, and the cause remanded for determination of the tax in accordance with this opinion.

Judgment reversed.