IN RE ESTATE OF PHELLIS: GREGG, EXRX., ET AL., APPELLANTS, *v.* DEPARTMENT OF TAXATION OF OHIO ET AL., APPELLEES.*

(No. 299—Decided November 8, 1960.)

*Motion to certify the record overruled, April 26, 1961.

*Mr. Wallace W. McCoy* and *Mr. Roscoe G. Hornbeck*, for appellants.

*Mr. Mark McElroy*, attorney general, and *Mr. Joseph D. Karam*, for appellees.

WISEMAN, P. J. This is an appeal on questions of law from a judgment of the Probate Court of Madison County sustaining exceptions of the Tax Commissioner of Ohio to the original order determining the succession tax in the estate of Verne H. Phellis, deceased.

The record shows that the decedent, a resident of Madison County, state of Ohio, died testate on January 19, 1958, leaving his widow, Helen Phellis, aged 76 years, and two adult daughters, Marjorie P. McNally and Esther P. Gregg, surviving.

The question presented arises under item II of the will of the testator, which provides as follows:

"All of the real estate, of every kind and description, wheresoever situated, which I may own or have the right to dispose of at the time of my decease, I give and devise to my wife, Helen Phellis, for and during the term of her natural life, with full power and authority to sell or encumber and convey the whole or any part of said real estate, if, in her judgment, the same is necessary for her comfortable support; and the legal remainder therein I give and devise to my daughters, Marjorie P. McNally and Esther P. Gregg, in equal shares, each one-half thereof, to have and to hold the same to themselves, their heirs and assigns forever. It is my intent that said remainder interest shall vest in my said daughters at the time of my death, subject to being divested by the power and authority of my wife as hereinbefore provided."

In the exceptions to the original order the Tax Commissioner contended that the court erred in the original order in not assessing a succession tax against the widow as to the remainder interest in the real estate by a temporary order under the provisions of Section 5731.28, Revised Code. The exceptions were sustained.

In assessing the remainder interest against the widow on a temporary order, the tax amounts to $3550.77. The tax under the original order amounted to $2363.85. The state

of Ohio under the temporary order receives as tax $1186.92 more than it would have received under the original order.

This appeal raises one question which is stated by counsel for appellants: Did the Probate Court err in sustaining the exceptions of the Tax Commissioner?

Section 5731.28, Revised Code, under which the temporary order was made, provides as follows:

"When, upon any succession, the rights, interests, or estates of the successors are dependent upon contingencies or conditions by which they may be wholly or in part created, defeated, extended, or abridged, a tax shall be imposed upon such successions at the highest rate which, on the happening of such contingencies or conditions, would be possible under Sections 5731.01 to 5731.56, inclusive, of the Revised Code, and such taxes shall be due and payable forthwith out of the property passing, and the Probate Court shall enter a temporary order determining the amount of such taxes in accordance with this section; but on the happening of any contingency by which said property, or any part thereof, passes so that such ultimate succession would be exempt from taxation under such sections, or taxable at a rate less than that so imposed and paid, the successor shall be entitled to a refund of the difference between the amount so paid and the amount payable on the ultimate succession under such sections, without interest. The executor or trustee shall, immediately upon the happening of such contingencies or conditions, apply to the Probate Court of the proper county, upon a verified petition setting forth all the facts, and giving at least ten days' notice by mail to all interested parties, for an order modifying the temporary order of said Probate Court, so as to provide for a final assessment and determination of the taxes in accordance with such ultimate succession. Such refund shall be made in the manner provided by Section 5731.20 of the Revised Code."

The appellants contend that the interest taken by the widow was a life estate only, notwithstanding the power conferred under item II of the will. Appellants contend further that under the will there are only three successions subject to tax, which must be taxed separately, viz., a life estate in the widow, a vested remainder in Marjorie P. McNally, and a vest-

ed remainder in Esther P. Gregg. The Tax Commissioner recognizes that the interest taken by the widow under the will is a life estate with a power to consume any or all the real estate, the remainder, if any, to pass equally to the two daughters.

Unquestionably, a contingency exists: Whether the widow will exercise the power to consume, and what portion of the remainder, if any, will pass to the remaindermen.

The Ohio succession tax is not a tax on property but on the right of succession to property. *In re Estate of Chadwick*, 167 Ohio St., 373, 376, 149 N. E. (2d), 5. Our Supreme Court has interpreted the section under construction in the case of *Wonderly, Gdn.*, v. *Tax Commission*, 112 Ohio St., 233, 238, 147 N. E., 509, as follows:

"It is to be noted that the foregoing section relates to succession rights or interests in an estate which are dependent upon 'contingencies or conditions whereby they may be * * * created, defeated, extended or abridged.' Applying this language to the case at bar, the estates in the brothers and sisters are to be 'created' upon the contingency of Wilbur Francis Kingseed dying 'before arriving at the age of twenty-five years without leaving living heirs of his body,' and the estate of Wilbur Francis Kingseed may be 'defeated' by the same contingency, and the law provides for each of above contingencies that the tax shall be imposed upon such passing of property in possession or enjoyment, present or future, at the highest rate; in other words, when it appears that any successions are dependent upon a contingency, the rate that will make the highest return to the state by way of inheritance tax must be the one adopted, and such taxes shall be due and payable forthwith, subject to the refunder provided * * *."

So, in the instant case, the remainder of the daughters in the real estate may be defeated in whole or in part by the exercise by the widow of the power to consume.

The purpose of the temporary order is set forth in the *Wonderly case*, at page 244, as follows:

"The frank purpose of the inheritance tax law seems to be to secure for the state the highest rate of taxation that any given succession is justly susceptible of in the legislative mind, and to secure the same to the state at the earliest moment, sub-

ject to such refunders as the Legislature has seen fit to allow. If its provisions seem harsh, the place to seek the remedy is in the Legislature and not in the courts. Judicial interpretation must be based upon legislative enactment, as the same is found in the statute books.''

In the *Wonderly* case the court cited the case of *Wellman* v. *Cleveland Trust Co.*, 107 Ohio St., 267, 276, 140 N. E., 104, in which case it is stated that the Ohio Succession Tax Act is similar to the New York act. In the case of *In Matter of Estate of Parker*, 226 N. Y., 260, 123 N. E., 366, Judge Cardozo, at page 264, said:

''* * * The purpose of the statute is not obscure. The purpose is to put at once into the treasury of the state the largest sum which in any contingency the remaindermen may have to pay. The remaindermen do not suffer, for when the estate takes effect in possession, there will be a refund of any excess (Tax Law, Sec. 230). The life tenant does not suffer, or, at all events not seriously, for interest is paid by the comptroller upon the difference between the tax at the highest rate and the tax that would be due if the contingencies or conditions had happened at the date of the appraisal (Tax Law, Sec. 241). If the trustees prefer, they may deposit securities of approved value, and receive the accruing income (Sec. 241). To guard against shrinkage of values, the statute bids them pay the balance, if the deposit turns out to be too small. Everywhere the scheme disclosed is absolute safety for the state with a minimum of hardship for the life tenant. Tax this remainder at the rate of eight per cent, and the state is protected against any possible contingency. Tax it at less, and an uncollected balance will be owing to the state if the remainder shall pass to the residuary legatee. That is the very evil against which the statute seeks to guard. Collection is imperilled when the state must keep track of the estate through all the changes and chances of an indefinite future. The path of safety is followed when collection is made at once.''

In the case of *In re Howland's Estate*, 109 Misc. Rep., 169, 178 N. Y. Supp., 368, where the beneficiary was given a life estate and there was a power to consume, the court held that the life tenant should be taxed on a temporary order as if he

would consume the entire corpus. See, also, the case of *In re Estate of Coyle*, 97 Ohio App., 458, 122 N. E. (2d), 115.

In the case of *Tax Commission* v. *Oswald, Exrx.*, 109 Ohio St., 36, 141 N. E., 678, where the widow was given a life estate with power to consume, with the vested remainder in two brothers of the testator, subject to be divested in whole or in part, the widow was taxed as to the life estate and the tax as to the remainder was assessed against the brothers. The appellants cite this case in support of the proposition that the widow in the case at bar should be taxed only as to the life estate. But is the cited case authority for this proposition? In the *Oswald case*, in assessing the tax at the highest rate, it was necessary to tax the remainder interests against the brothers, which yielded the greater tax. The court had before it the construction and application of Section 5343, General Code (now Section 5731.28, Revised Code), and in the second paragraph of the syllabus held:

"Where remainders are vested, by reason of which the actual market value thereof can be ascertained at the time of the death of the testator, the terms of Section 5343, General Code, apply, and the succession tax to be imposed shall be 'at the highest rate which * * * would be possible under the provisions of this subdivision of this chapter,' leaving to the interested individuals, the procuring of refunders as provided by law."

The principle of law applied in the *Oswald case*, when applied to the facts in this case, require an affirmance of the judgment.

In giving due consideration to the basic purpose of the Succession Tax Act and the objectives to be accomplished and in giving legal effect to the express provisions of Section 5731.28, Revised Code, which provides for a temporary order in assessing the tax in a manner by which the state will receive the greatest tax, we conclude, as did the court in the case of *In re Estate of Coyle, supra*, 459, that, "in the determination of the tax, it is the duty of the Probate Court, under the provisions of Section 5343, General Code, to take into account all possible contingencies set up in the will and to follow that line of succession which will yield the highest amount of tax."

We find no assignment of error supported in fact or law. The judgment of the Probate Court is affirmed.

*Judgment affirmed.*

CRAWFORD, J., concurs.
KERNS, J., not participating.

(Decided December 14, 1960.)

ON APPLICATION for rehearing.

*Per Curiam.* The cause is now submitted on application for rehearing.

The application raises no new point. The question presented on the application has been considered and decided in the original opinion.

The application is denied.

*Application denied.*

WISEMAN, P. J., and CRAWFORD, J., concur.
KERNS, J., not participating.

---

*Motion to certify the record overruled, March 1, 1961.