IN RE ESTATE OF JONES: JONES, EXR., ET AL., APPELLANTS, *v.* SCHNEIDER, TAX COMMR., ET AL., APPELLEES.

[Cite as Jones v. Schneider, Tax Commr., 3 Ohio App. 2d 325.]

(No. 300—Decided December 21, 1964.)

*Messrs. Loomis & Jones,* for appellants.
*Mr. Jon A. Ziegler,* for appellees.

FRANCE, J.   This appeal is from an order of Probate Court, Portage County, sustaining exceptions of the Tax Commissioner to the determination of succession tax and ordering that the tax be recomputed at the highest possible rate, under the temporary-order provisions of statute.

In question is the provision made for two grandchildren of the testatrix giving them a total one-fourth interest in the estate, to be held in trust for them by the First National Bank and Trust Company of Ravenna.

Item III E of the will provides:

"If either of my said grandchildren, for whose primary benefit property is held in trust hereunder, should die before attaining the age of 35 years, all of the assets then constituting the trust estate for such deceased grandchild shall be distributed in equal shares to such deceased grandchild's then living lineal descendants per stirpes, or if none, then the undistributed portion of such grandchild's trust estate shall be added to the trust estate of the other living grandchild, or if such other living grandchild's trust has terminated then it shall pass directly to such other living grandchild."

Item III F provides (in pertinent part):

"No income or principal payable to or held for any beneficiary hereunder shall be alienated, disposed of or in any manner encumbered while in the possession of the Trustee otherwise than by the authorized act of the Trustee; and (if) by reason of any act of any such beneficiary, or by operation of law, or by the happening of any event, or for any other reason except by an act of the Trustee authorized hereunder, any of such income or principal shall, or except from this provision would cease, to be enjoyed by such beneficiary, or if by reason of an attempt of any such beneficiary to alienate, charge or encumber the same, or by reason of the bankruptcy or insolvency of such beneficiary, or because of an attachment, garnishment or other proceeding, or any order, finding or judgment of court either in law or in equity, the same except for this provision, would vest in or be enjoyed by some other person, firm or corporation, otherwise than as provided herein, then the trust

herein expressed concerning such income and/or principal shall cease and determine as to such beneficiary, and all such income and/or principal thereafter during the life of such beneficiary, subject, however, to the rights of all other beneficiaries as herein provided, shall be held by the trustee according to its absolute discretion; but the Trustee meanwhile may pay to or expend for such beneficiary for the maintenance, support, comfort and education of such beneficiary, or of any husband, wife, child, children of such beneficiary, out of such income and/or principal theretofore so held for such beneficiary, such sums and such sums only as the Trustee, in its absolute discretion, shall deem proper, using or retaining for the benefit of beneficiaries hereunder whose interests are not so affected, any portion not so expended.''

In its original order, the Probate Court failed to take into account the provisions of Section 5731.28, Revised Code, which read:

''When upon any succession, the rights, interests, or estates of the successors are dependent upon contingencies or conditions by which they may be wholly or in part created, defeated, extended, or abridged, a tax shall be imposed upon such successions at the highest rate which, on the happening of such contingencies or conditions, would be possible * * *.''

The application of this statute to Article III is immediately apparent when one notes the size of the share of each grandchild after applying exemptions. Under the very apparent contingency of one or the other of the grandchildren dying without issue, the other grandchild would take both shares, sending a portion of the combined entitlement out of the one percent and into the three percent bracket established by Section 5731.12, Revised Code. This is not seriously contested by the appellants.

The principal dispute, however, is over the finding of the Probate Court that Item III F creates a contingency that would give rise to a succession by a person in Class (D) of Section 5731.12 — a nonrelative. This is based on the possibility that under the attempted or involuntary alienation provision the rights of the named grandchild to payments would terminate and such payments could, under the instrument, be payable to his or her spouse.

We can easily understand that in a discretionary trust with specific remainderman over this should be the case. See *In re Estate of Coyle*, 97 Ohio App. 458, decided by this court. However, the instant trust is neither a spendthrift nor a discretionary one, but a protective trust. See 1A Bogert on Trusts and Trustees 461, Section 221. Unquestionably, the contingency that rights in the named beneficiary may be cut off is provided for in the will. See *In re Estate of Phellis*, 113 Ohio App. 439.

But it is not sufficient merely to demonstrate that the right of the named beneficiary is defeated or abridged; it is also necessary to demonstrate that a succession is created in the spouse, in order to conclude that the rate for the spouse should be applied in a temporary order under Section 5731.28, Revised Code.

Succession is defined by Section 5731.01 (B) as "the passing of property in possession and enjoyment, present or future." The Tax Commissioner contends that "the passing of property" occurs each time the trustee of a protective trust writes a check to or for the benefit of a beneficiary, and that, since theoretically all the money in the trust could thus be siphoned off in a series of checks to the spouse, all the "property" could thus pass. This distorts the meaning of the word "property." Property is not the check written by the trustee; property, in this case, is the beneficial legal relationship to the source of the payment, a right in the fund itself, which includes the right to demand and receive payment. See 1 Thompson On Real Property 2, Section 1; *Pennsylvania Rd. Co. v. Kearns, Recorder*, 71 Ohio App. 209, 218-219.

In this case, the spouse of a grandchild has no rights whatsoever in the fund or to the income from it; what may come her (or his) way from the trustee comes not as a matter of right but as a matter of grace. It comes, not because she (he) is entitled to it but because her (his) grandchild spouse may have failed in the obligation of providing for her (his) family. It comes not to her (him) as a person, but is paid out to her (him) as being expended for her (his) grandchild spouse's benefit.

The Tax Commissioner's argument overlooks entirely all except the first clause of Section 5731.28, Revised Code, which reads:

"When, upon any succession, the rights, interests, or estates of the successors are dependent upon contingencies or conditions * * *."

His eyes are so firmly fixed on the word, "contingencies," that he assumes that any contingency which would defeat or abridge rights in one *cestui que trust* necessarily must create or extend corresponding rights in another. In the case of a protective trust, as here, this algebraic simplicity does not hold true. No right, interest or estate corresponding to that lost by the named beneficiary is created in the spouse. This being so, there is no succession by the spouse upon the occurrence of the contingencies, and there is no justification for using the spouse as the measure of the tax rate.

The order of the Probate Court is reversed, and the cause remanded for determination of the tax under the temporary-order at such rate as would be proper should one grandchild die without issue allowing the other to take the entire trust property.

*Judgment reversed.*

JONES and BROWN, JJ., concur.

BROWN, J., of the Fourth Appellate District, sitting by designation in the Seventh Appellate District.